### CARRIE KUNTZ

#### *v.*

### JACOB KUNTZ.

#### [Decided June 18th, 1912.]

1. In a wife's suit for maintenance, the court cannot, after the parties have become reconciled and resumed cohabitation, order the husband to pay a counsel fee to the wife's attorney on the theory that the attorney's services were necessaries, since the husband's liability is only for such necessaries as are required to maintain her as his wife, and not such as to provide for her future condition as a single woman.

2. Where, while a bill for maintenance was pending, the husband and wife were reconciled and resumed cohabitation, the cause of action was thereby abrogated, although the bill was not formally dismissed; and neither party could take any action adverse to the other, and hence a motion by the wife's counsel for counsel fee, necessarily made in her name, was not maintainable.

*Mr. Abe J. David,* for the motion.

HOWELL, V. C.

This is a suit between husband and wife; she files her bill for maintenance under the statute. Before the suit had proceeded to hearing a reconciliation was effected between the parties by

the efforts of counsel, and, as was stated by counsel at the argument, all offences were condoned and cohabitation between them was resumed. Counsel for the complainant now moves for a counsel fee, to be paid by the husband. The motion is undefended, and the question is whether, under the circumstances, it can be allowed. It was claimed on the part of the complainant's counsel to be payable on the ground that it comes within the category of necessaries for which the husband is bound at common law. There may be cases which hold this, but the better opinion is the other way. The supreme court of Connecticut, in *Shelton* v. *Pendleton, 18 Conn. 423,* held that the duty of providing necessaries for the wife is strictly marital and is imposed by the common law in reference only to a state of coverture and not of divorce. By that law a valid contract of marriage was, and is, indissoluble, and therefore by it the husband could never have been placed under obligation to provide for the expenses of its dissolution; such an event was a legal impossibility. Necessaries are to be provided by a husband for his wife, to sustain her as his wife and not to provide for her future condition as a single woman or perhaps as the wife of another man. To the same effect are the opinions of *Williams* v. *Monroe, 18 B. Mon. 514; Morrison* v. *Holt, 42 N. H. 478; Coffin* v. *Dunham, 8 Cush. 404.* It will be found upon an examination of the cases that the courts which have decided otherwise have been constrained to do so by the terms of some controlling statute; it has been held in this state that an action will not lie directly against the husband for services rendered by a solicitor to the wife on an application in defending a divorce suit, and that the solicitor's only remedy is by application to the court of chancery for an allowance. *Westcott* v. *Hinckley, 56 N. J. Law (27 Vr.) 343.*

There is, however, another reason why this motion cannot prevail, and that is that the reconciliation between the parties has abrogated the cause of action, and the suit as a legal proceeding no longer exists. It is true that it has not been formally ended by a dismissal of the bill, but it is likewise true that neither party can take any adverse step in the cause, for the reason that no cause of action exists. The present motion is by the counsel for the wife, but it is made in her behalf, because all proceedings

of this nature must be in favor of the wife and all costs and counsel fees which are awarded in the suit must be awarded to her, and only she can proceed in her own name for costs and counsel fees or prosecute the husband for disobedience of an order in relation to the same. To permit a motion of this sort to be prosecuted on behalf of the wife against her husband after they have been reconciled to each other and have resumed cohabitation and are living together in a state of amity would be an anomaly. It would be continuing the litigation after the parties had put an end to it, and would have a tendency to break up the reconciliation and cause a resumption of the litigation. In *Hadden* v. *Hadden, 18 Q. B. D. 778; 56 L. J. M. 69,* the facts were that a husband had been summarily convicted of an aggravated assault upon his wife. The justices before whom he was convicted made an order under the Matrimonial Causes act that the wife be no longer bound to live with him, and that he should pay her one pound a week for her support. After a short separation the husband and wife became reconciled and lived together for a year, when they finally separated. It was held that the legal existence of the support order was put an end to by the subsequent reconciliation of the parties. Mr. Justice Hawkins says: "In my opinion the effect is to put an end to the legal existence of the order and render it no longer operative. The court or magistrate has only power to make the order for separation if satisfied that the future safety of the wife is in peril, and when made the only effect of it is to relieve her from any obligation to cohabit, leaving her at full liberty to do as she pleases. If before acting upon the order she thinks fit to abandon it and become reconciled to her husband, and continues to cohabit with him, she may do so; so, also after separation for a time, she may return to cohabitation; but in either of these events the validity of the order ceases, just as a decree for judicial separation would under similar circumstances." This doctrine appears to have been announced by Lord Eldon in *Bateman* v. *The Countess of Ross, 1 Dow. P. C. 235,* and also in *Nicol* v. *Nicol, L. R. 31 C. D. 524; Linton* v. *Linton, L. R. 15 Q. B. D. 239; 54 J. L. Q. B. 529. Haddon* v. *Haddon* and *Bateman* v.

The *Countess of Ross, supra,* were followed in the divorce division in *Williams* v. *Williams (1904), Prob. 145; 73 L. J. P. 31.* These authorities are so consonant with reason that I do not hesitate to adopt them and to make them the basis of my decision of this motion. The wife, by returning to her husband, and the resumption by them of their wonted marital relations, has ended all litigation between them and has rendered it impossible for this court to make any adverse order in the cause, or perhaps any order whatever except an order dismissing the bill.