ANNA ELIZABETH GEISMAR, petitioner-respondent,

*v.*

SYDNEY J. GEISMAR, defendant-appellant, and S——,
intervening as a defendant-respondent.

[Submitted October term, 1938.   Decided February 6th, 1939.]

*Messrs. Levenson, Comen & Levenson,* for the petitioner-respondent.

*Mr. Kenneth V. Fisher (Messrs. McCarter & English,* of counsel), for the defendant-appellant.

PER CURIAM.

This is a wife's suit for absolute divorce on the ground of the husband's extreme cruelty. The husband filed an answer and counter-claim, denying the allegations of the wife's petition, and counter-claiming for divorce on ground of wife's extreme cruelty, and on the additional ground of wife's adultery with one S——. The wife denied the allegations of the counter-claim.

S——, the corespondent, who was granted leave to intervene as a defendant, filed his answer denying the adultery.

After the case was closed and the learned advisory master had made known his decision, but before advising a decree thereon, the husband applied for leave to produce further testimony. This was denied and subsequently a decree *nisi* was entered granting the wife a divorce and dismissing the husband's counter-claim, and awarding alimony and a counsel fee of $1,200 to the wife and a counsel fee of $300 to S——, the intervener.

This appeal is from the whole and every part of this decree.

Counsel for appellant-husband argues on his brief five points for reversal, three of which deal with the propriety of the dismissal of the husband's counter-claim, the granting of the decree of divorce to the wife and the allowance to the wife of alimony. The fourth point is that no award of counsel fees and costs should have been made to the wife and no counsel fee should have been allowed to counsel as representing the intervening defendant S——, particularly since counsel for the wife were also the counsel for the intervener; and lastly that the court should not have denied the husband's motion to reopen the case in order to produce additional proof.

We have carefully examined the voluminous record and briefs of counsel of the respective parties and conclude that they abundantly justified the decree made on the main issues.

We have also considered the award of counsel fees and are of the opinion that in view of the time required in the preparation of the case and its presentation to the court, the high standing of counsel and the financial resources of the defendant-husband, the counsel fees were not excessive and were

properly allowed to counsel of the defendant wife and to counsel of the intervening defendant S——, notwithstanding the same counsel represented both defendants.

Furthermore, we find no abuse of discretion on the part of the court in denying appellant's motion to reopen the case for the purpose of allowing him to present additional testimony.

The decree is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, CASE, DONGES, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 10.

*For reversal*—PARKER, BODINE, HEHER, PERSKIE, WALKER, JJ. 5.