EDITH SIEGLER SHAFFER, complainant,

*v.*

NEWTON HALE SHAFFER, defendant-respondent.

Appeal of TOWNSEND & DOYLE, solicitors of complainant, petitioners-appellants.

[Argued October 22d, 1940. Decided February 3d, 1941.]

*Messrs. Townsend & Doyle (Mr. Mark Townsend, Mr. Thomas F. Doyle* and *Mr. Harry Lane,* of counsel), for the appellants.

*Mr. John G. Flanigan,* for the defendant-respondent.

The opinion of the court was delivered by

BROGAN, CHIEF-JUSTICE.

The question presented by this appeal is whether complainant's solicitors were, under the circumstances of this case, entitled as a matter of right or in the exercise of the Chancellor's discretion to a counsel fee at the hands of the defendant. The unverified bill prayed for separate maintenance. The husband's answer alleged that the parties had mutually agreed to separate and live apart from each other. Issue was joined by the filing of a replication. No motion for temporary alimony or counsel fee was presented. The parties, later and before final hearing, became reconciled and, on motion of the husband's solicitor, the bill was dismissed. About ten days prior to that event a petition was filed by the complainant's solicitors, Messrs. Townsend & Doyle, praying that the dismissal of the bill of complaint be retarded until the amount of counsel fee and costs had been ascertained and the said solicitors had had an opportunity to "impose upon said cause of action a lien for the counsel fees" and until such time as the counsel fees in question should have been paid. Affidavits of the complainant's solicitors, Mr. Doyle, Mr. Townsend, and others, were filed in support of the application. Opposing affidavits were filed by a Mr. O'Connor, an officer of the New York Trust Company, in

charge of the trust estate of the defendant; also by Mr. Flanigan, defendant's solicitor. The moving affidavits were filed in justification of a counsel fee of $5,000 which the wife's solicitors thought they should have from the defendant husband. Counsel fees may be awarded pending final hearing and after final decree. The theory of allowing counsel fee *pendente lite* is for the purpose of protecting or defending the wife's marital rights. The wife is a privileged suitor in divorce cases and generally is entitled to alimony and counsel fees *pendente lite*. *Suydam* v. *Suydam, 79 N. J. Eq. 144.* But there is no provision of statute authorizing counsel fees *pendente lite* in matrimonial actions; such allowance is a necessary incident of the alimony allowed the wife on a preliminary application. It is often referred to by earlier texts as "suit money." At common law the husband had control of a wife's property and unless the court awarded her alimony and counsel fees *pendente lite* she would be without means to protect her marital rights. *Marker* v. *Marker, 11 N. J. Eq. 256.* Such common law disabilities of the wife have been remedied by statute and in actions like the present case alimony and counsel fees may be awarded, not as a matter of course, but rather in the sound discretion of the court after consideration of the pleadings and the customary affidavits. *Acheson* v. *Acheson, 124 N. J. Eq. 12.*

But to return to the case at hand: That the wife, in the circumstances here presented, has the right to cause her bill for separate maintenance to be dismissed is undoubted. *R. S. 2:29-130.* The law regards these actions which tend to disrupt the marriage status with regret—certainly it does not encourage them. It does, however, encourage reconciliation. Public policy ordains that the marriage status be maintained and it is the duty of counsel to encourage settlement of such cases under any circumstances.

Except as noted above, the allowance of counsel fees rests entirely on statutory authority. There is a further exception when a fund is in the control of the court and is being there administered. *In re Welsh, 93 N. J. Eq. 303.* This we regard as settled and the argument of the appellants—that the Court of Chancery "has general or implied power to grant

counsel fees in matters of this kind and the provisions of the statute are not exclusive and are not the measure of the court's authority on this subject"—finds no support in the adjudications of this state. The case of *Wescott* v. *Hinkley, 56 N. J. Law 343,* cited to support appellant's argument does not do so. There counsel for the wife sued the husband in a law court for the value of the legal services rendered to the defendant's wife. A demurrer to the declaration was sustained. The court pointed out that the invariable course has been to apply to the Chancellor for alimony and counsel fees and that a suit at law did not lie. Nor is the case of *Lynde* v. *Lynde, 64 N. J. Eq. 736,* helpful to the appellants. The pertinent phase of that case grew out of an alleged contract between a wife and her solicitor providing that he be paid, for his legal services, a share of a large sum of money which the delinquent husband paid to settle the question of alimony and get a release. Such a contract, the court held, was contrary to public policy and on its face void because alimony is for the personal benefit and support of the wife and is incapable of assignment. The contract being void, the solicitor was returned to the Court of Chancery, there to make application for his fee which this court pointed out rests exclusively in the discretion of the Chancellor. That case is clearly no authority for the principle for which the appellants contend.

The next point is that there was ample statutory authority for the allowance to the solicitors of counsel fees and their disbursements. Appellants rely upon *R. S. 2:29-130; 2:29-131* and *2:29-132.* The first section of the statute cited provides that upon a complainant dismissing his own bill in equity the complainant in the suit shall pay to the defendant his costs to be taxed. This, of course, has nothing to do with this case. The wife caused her bill to be dismissed; the husband does not ask costs. The second statutory reference provides that the Chancellor may make such allowance to the party obtaining the order or decree as shall seem to him reasonable and proper. But the appellants here obtained no order or decree. The indication in the order, dismissing the bill of complaint, is that it was obtained by the defendant's

solicitor. But apart from that it is clear that the appellants, as solicitors for the complainant, took the position that the decree of dismissal should be retarded until their fees were paid, or until they had opportunity "to impose upon said cause of action a lien," &c. A formal petition was filed to accomplish that object, praying that the dismissal be stayed.

The third section of the statute provides that the Court of Chancery, upon making any order or decree, may charge the successful party with costs or counsel fee, or both. But here there was no ·successful party. The issue was not tried but was amicably settled. The wife caused her own bill to be dismissed.

The next point made is that the appellants are entitled to a lien on the complainant's cause of action or the decree under the Attorneys Lien act of 1914. Under the statute (*R. S. 2:20-7*) such lien may attach, among other things, to the cause of action or the decree in favor of the client. The cause of action has abated by mutual consent of the parties. If there was a cause of action—and there is no proof that the complainant's action was well founded in fact—it is not an action that was settled or discontinued, it simply ceased to exist, has become void by act of the parties, husband and wife voluntarily resuming the normal marriage state. No lien could attach thereto. Nor could a lien be impressed on the decree for there was no decree favorable to either husband or wife.

In conclusion, on the merits we have before us complainant's bill, unverified, an answer and replication. No affidavits or other proofs were offered. In this situation the Chancellor could not have awarded either alimony or counsel fee *pendente lite* because there was nothing to show that the bill had any merit. This being so the application for a fee was properly denied.

The decree should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 13.

*For reversal*—None.