AGNES T. LANDIS, petitioner-respondent,

*v.*

CARNEY LANDIS, defendant-appellant.

[Submitted October term, 1940.   Decided January 29th, 1942.]

*Messrs. Seufert & Elmore (Mr. Charles Fishberg,* of counsel), for the petitioner-respondent.

*Mr. James A. McTague (Messrs. Milton, McNulty & Augelli,* of counsel), for the defendant-appellant.

The opinion of the court was delivered by

HAGUE, J.

This is an appeal from an order advised by Advisory Master Van Winkle dismissing the husband's petition for modification of a decree in the matter of alimony.   The parties were divorced February 17th, 1940, after thirteen years of married life.   In the decree *nisi* entered on November 16th, 1939, is a provision concerning alimony agreed upon by the parties hereto whereby the appellant consented to pay the respondent $250 a month for her support and that of the infant child of the marriage.   Custody of the child was given to the mother with the consent of the father.   The appellant is a professor of psychology and at the time of the decree was in the employ

of the State of New York and Columbia University. When the decree *nisi* became absolute the husband married again.

In his application for modification of the order for alimony, the appellant says (1) that the trial court should have substantially reduced the amount fixed as alimony and.(2) that the allowance of a counsel fee of $500 to the respondent's attorney was improper.

An examination of the affidavits and the proofs exhibited in the record shows no ground for granting relief on the first proposition. It is true that the appellant is married again but it is also the fact that his present wife is employed as a teacher and is paid approximately $1,900 per year. His former wife and their child—who is not in good health—are destitute and the mother has the added obligation to set up a home in a climate advised by the doctors as necessary and beneficial to the child's health. The only change that has occurred in the appellant's financial position is one of betterment, since the records show that his income is now higher than it was at the time the present alimony allowance was made to which he agreed. The financial condition of the former wife is definitely bad. She is not employed, although she, too, is a teacher, and has no source of income other than the allowance made by the court. The appellant seems to have very little, if any, affection for his sick child. Although he asked for and was allowed the summer months for visitation, he never bothered to make use of that right. There is evidence the husband has refused to pay the alimony due in several instances. The agreement in the matter of alimony was entered into by the husband with a clear knowledge of all the obligations awaiting him when he entered his new marriage. On the facts of the case we find no evidence of such a change in the situation of the parties as to make the present arrangement inequitable. No reason appears why the appellant should not be held to the agreement which he made and which the court incorporated in the decree.

Counsel fee obtained by the petitioner in the court below is considered excessive. We think it should be reduced to $250. With this exception, the order of the advisory master is affirmed.

*For modification*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 15.