VERDELLA R. WEIGEL, complainant-appellee,

*v.*

MATTHEW E. WEIGEL, defendant-appellant.

VERDELLA R. WEIGEL, complainant-appellant,

*v.*

MATTHEW E. WEIGEL, defendant-appellee.

[Argued February 5th, 1942. Decided May 14th, 1942.]

*Mr. Meyer M. Semel,* for the defendant-appellant-appellee.

*Mr. Elvin H. Ullrich,* for the complainant-appellee-appellant.

The opinion of the court was delivered by

WOLFSKEIL, J.

Both litigants in this suit appeal from a decree of the Court of Chancery entered on advice of the advisory master. The appeal of the complainant wife is with respect to denial of her claim for separate maintenance. There was also a count for impressment of a lien for dower, but that was abandoned. The defendant husband appeals from the portion of the decree awarding a counsel fee to the wife's counsel. The issue is factual.

The parties were married in July, 1938. It was the second venture for both. The husband had an unmarried daughter by his first marriage and the wife had a married daughter by her prior marriage. The testimony is voluminous, and it indicates acrimony and dissension virtually from the outset of the marriage. For this the *onus* cannot be lodged with any precise preponderance against one or the other, for they were mature persons, had kept company a considerable time before the marriage, and had ample occasion to become conversant with each other's merits and shortcomings.

There was an arrangement for the husband's daughter to live in an apartment on the third floor of an establishment designed for the parties, while they themselves lived on the second floor. The wife postponed and procrastinated in that regard and the daughter was never accorded the use of the place. Contentions and disputes arose and continued. The wife accused the husband of abusive language, acts of cruelty and some instances of physical assault. These on his part were denied, and it appeared uncontravened that the wife was not subjected to any physical danger. The wife concededly left the husband in September of 1940, resuming the name of her first husband, and there is no persuasive refutation of the evidence for the husband that his patently genuine

and sincere efforts to effect a reconciliation and have her come back were ignored or rebuffed. The wife's claim for separate maintenance is thus bereft of foundation. Though there is conflict in the evidence, the salient and determining facts emerge substantially free from question, and furnish justification for the conclusions reached by the advisory master and embodied in the decree.

Equally, there is no occasion for altering the fee to the wife's counsel. There were proceedings *pendente lite,* a vigorous contest at the hearing which consumed several days, and briefs were submitted. The allowance was $750. While counsel was therefore not scanted, nevertheless, taking into account all the circumstances and the adequate financial position of the husband, the sum was not disproportionate.

The decree of the Court of Chancery is therefore affirmed in its entirety.

No. 203 with No. 204—

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, WOLFSKEIL, HAGUE, THOMPSON, JJ.  12.

*For reversal*—DONGES, RAFFERTY, JJ.  2.

No. 204 with No. 203—

*For affirmance*—BODINE, DONGES, PERSKIE, COLIE, WOLFS-KEIL, RAFFERTY, HAGUE, JJ.  7.

*For reversal*—None.

*For modification*—THE CHIEF-JUSTICE, PARKER, HEHER, PORTER, DEAR, WELLS, THOMPSON, JJ.  7.