VIRGINIA PAYNE MARTINDELL, petitioner-appellant,

*v.*

JACKSON MARTINDELL, defendant-respondent.

[Argued February 8th, 1943. Decided April 30th, 1943.]

*Mr. George W. C. McCarter,* for the appellant.

*Mr. John W. McGeehan, Jr.,* for the respondent.

The opinion of the court was delivered by

RAFFERTY, J.

This appeal is from a decree of the Court of Chancery which dismissed a petition for divorce filed by complainant, appellant here, and denied the application of petitioner for taxed costs, suit money and counsel fee.

The action below was grounded in adultery alleged to have been committed by the husband. The answering pleading specifically denied the several acts of adultery alleged and pleaded condonation. Trial of the matter being had, the learned advisory master concluded that petitioner had failed in her proofs and advised the decree complained of. On this appeal attack is made against the fact-finding of the advisory master and the determination denying costs and incidental fees.

Appellant concedes that the issue on adultery is exclusively factual. It is unnecessary to set this forth in any detail. It is sufficient to state that we have carefully examined the record and, giving due weight to its fact-findings, determine that the court below was justified in entering the decree of dismissal. *Cartan* v. *Phelps, 91 N. J. Eq. 312, 314.*

We are satisfied, however, that the court fell into error in denying taxed costs and fees. *R. S. 2:29-132* provides:

"The court of chancery, upon making any order or decree, may charge the successful party with costs or a reasonable counsel fee, or both, in any case in which the court shall deem it just to do so."

A reasonable construction of this provision would seem to be that where it is just to charge the successful party with costs or counsel fee or both, such charge should be made. When it shall be just to impose such charge must rest largely in the facts of the individual case. That such costs and fees should have been allowed herein seems clear. In his memorandum the learned advisory master summarized: "Taking it all, the testimony is of such a nature it leaves a grave doubt in my mind as to the guilt of the defendant. I therefore can do nothing other than to dismiss the petition. To doubt is to deny." In this summary we concur. This is a finding of failure of proof but under the proofs submitted it cannot be said that the institution of the suit by the wife was captious merely. In sound discretion costs and fees against the husband should have been awarded.

Respondent contends that the award of costs and fees in this type of case is predicated upon the ground of necessity in the wife and that where she has sufficient separate property the reason upon which an award might rest does not exist. The authorities offered by respondent on this point refer only to awards *pendente lite* or on appeal which do not rest in statute. *Shaffer* v. *Shaffer, 129 N. J. Eq. 42, 44.* Existence of the statute, *supra,* applicable herein, destroys analogy.

The decree in so far as it is a dismissal of the petition for divorce is affirmed, but the matter is remanded to the Court of Chancery with direction that costs and reasonable counsel fee be assessed against the husband in favor of the wife.

*For affirmance*—WELLS, J.    1.

*For modification*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, HEHER, PORTER, RAFFERTY, THOMPSON, JJ.    8.