24 N.J. Super. 204 (1953)
93 A.2d 773
BELLE R. MARX, PLAINTIFF-RESPONDENT,
v.
ARTHUR MARX AND MARX HOLDING CO., A NEW JERSEY CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 15, 1952.
Decided January 7, 1953.
*205 Before Judges McGEEHAN, BIGELOW and JAYNE.
Mr. Roland Vreeland argued the cause for appellants.
Mr. Robert P. Silberman argued the cause for Abe Silverstein.
The opinion of the court was delivered by JAYNE, J.A.D.
From the meager information afforded us concerning the antecedent occurrences, it is inferred that in September, 1950 the plaintiff Belle R. Marx instituted against her husband, the defendant, an action in the Chancery Division of this court seeking a judgment for separate maintenance and for the custody of the two infant children of the marriage, and united with it a cause of action to establish her inchoate right of dower in certain real estate alleged *206 to be beneficially owned by her husband and held in trust for him by the Marx Holding Company, a corporation. The defendant engaged Mr. Abe Silverstein, a member of the bar, to represent him in a separate suit for the custody of the children and to defend him in the action instituted by his wife.
The actions were consolidated for trial. During the course of the trial a reconciliation between the husband and wife eventuated, and on November 16, 1951 the litigation including all interlocutory orders was terminated by the entry of a voluntary judgment of dismissal without prejudice.
Thereafter a dispute arose between Mr. Silverstein and his client concerning the amount of the fee remaining due him for his professional services. A bill in the sum of $2,000 was served by Mr. Silverstein upon his client on June 9, 1951. It was not paid. On April 1, 1952 Mr. Silverstein dispatched a letter to his former client in which he stated:
"* * * I am willing if you so desire to appear with you before Judge Schettino if he will hear us without application or upon application for him to set my counsel fee at which time I shall set forth a complete statement of the services rendered and my thoughts in the matter. You may do the same, and whatever fee he sets will be agreeable to me to accept. You have your choice of either accepting this bill and paying it or following the other course. In any event, I want to know definitely this week what you intend to do."
Under date of April 24, 1952 the client made this reply:
"I am willing to pay you $500 and the other payments you received already should clean up my account. I want to have both the above mentioned cases, the files, and all the papers which I gave you, the contract, etc. turned over to John Clancy. I will deposit a check for $500 to Mr. Clancy and after the papers are handed over to him, I will advise him to give you the $500.
If you do not want to go along with this, I am willing to agree with you to bring the case before Judge Schettino."
On or about April 30, 1952 Mr. Silverstein gave written notice to his former client, individually and as president of the Holding Company, of his intention to apply to Judge *207 Schettino on May 9, 1952 "for an Order Assessing Costs and Counsel Fee to me as your attorney in the above-entitled cause," viz., the cause to which we have heretofore referred.
On May 9, 1952 the attorney and former client appeared before the judge and orally discussed the subject matter of the counsel fee. It does not appear that any testimony whatever was taken. On May 20, 1952 an order was entered in this action which had been previously dismissed on November 16, 1951, directing "that the defendants pay to their attorney, Abe Silverstein, the sum of $1,500 as counsel fees for services rendered during the entire proceedings in the above-entitled cause together with costs." The propriety of the order is challenged by the present appeal.
Initially it is observed that we are not here concerned with an ancillary proceeding originated in the action by a petition to invoke the provisions of the so-called Attorneys' Lien Act. R.S. 2:20-7; 2:27-314; now N.J.S. 2A:13-5. Vide, Shaffer v. Shaffer, 129 N.J. Eq. 42, 46 (E. & A. 1941).
Another fundamental consideration of appellate significance is the absence in the record of any evidential basis upon which the controversial issue was adjudicated and upon which the order was formulated.
"Such an informal proceeding is not consistent with the provisions of Rule 3:79-5, the underlying principle of which is that there must be a showing on the record which forms the foundation for each order or judgment entered by the court." Simoni v. D'Ippolito, 8 N.J. 271, 275 (1951).
The aspect of the proceedings made available to us would seem to generate the notion that the judge having conducted the trial until its voluntary termination, thereafter at the behest of the attorney and client generously listened to their argumentative comments about the amount of the fee and expressed his mediatorial opinion, which the attorney caused to be metabolized into an order of the court.
However occasioned, the validity of the order is the subject of inquiry. Having been unable, it is said, to discover *208 any authorities to sustain the informality of the proceedings and the resultant order, Mr. Silverstein has not supplied us with any brief.
Several of the characteristics of the Shaffer case, supra, were present in this case. Here the wife and the husband by mutual consent caused their respective complaints to be dismissed. No costs or counsel fees were allowed to either of them. Neither of them was a successful party in the litigation. No judgment was obtained by either of them. Here, too, the causes of action "abated by mutual consent of the parties" and "ceased to exist."
Manifestly, the foregoing circumstances do not furnish any justification for the allowance of a counsel fee to the husband-defendant in the marital action under Rule 3:54-7. No allowance for legal services was included in the judgment of dismissal. Rule 3:54-8. The authority theretofore vested in the Court of Chancery to grant counsel fees in causes generally was superseded. Rule 3:54-7.
Assuredly, the wife's alleged cause of action against the corporate defendant which was joined with the maintenance action did not present any matrimonial issues and hence the allowance, as here, of a counsel fee to be paid by the corporation was not permissible. Rule 3:54-7 (a); Kirchner v. Kirchner, 5 N.J. Super. 341, 345 (App. Div. 1949).
We conclude that in the situation here presented the judge of the Chancery Division lacked jurisdiction in a summary proceeding, so inaugurated and conducted, to adjudicate the liability of the defendants for the reasonable value of the professional services rendered by the attorney. The appropriate procedure is available by means of an independent action. N.J.S. 2A:13-6; 7 C.J.S., Attorney and Client, 1100, sec. 194; Universal Oil Products Co. v. Standard Oil Co., 6 F. Supp. 37 (D.C. 1934), considered on appeal, sub nom. German v. Universal Oil Products Co., 77 F.2d 70 (C.C.A. 1935).
The order under review is reversed.