30 N.J. Super. 276 (1954)
104 A.2d 76
MARGUERITE B. COLE, PLAINTIFF,
v.
NATHANIEL B. COLE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 5, 1954.
*277 Mr. J. Schuyler Huff, attorney for plaintiff.
Messrs. Ruback, Albach & Weisman, attorneys for defendant.
McLEAN, J.S.C.
This application is for an order requiring defendant husband to pay to plaintiff wife's attorney a proper and reasonable amount as and for counsel fees for legal services performed by said attorney in prosecuting plaintiff's separate maintenance action and defending plaintiff on the counterclaim for divorce brought by defendant husband.
The facts, as corroborated by attorney's affidavit supporting the motion and as shown by the state of the case, reveal that plaintiff wife, who was without funds, retained her attorney to bring an action on her behalf against her husband. The complaint, as filed, contained a count for separate maintenance of plaintiff and her two children, as well as a count for an accounting of the income of joint properties held by the parties, and a demand to set aside certain transfers which had been made by plaintiff to defendant. An answer and counterclaim for divorce was filed by defendant, and lengthy hearings were held on the matter of support pendente lite *278 and related matters, as a result of which plaintiff, through the services of her attorney, was allowed the sum of $200 per week, as well as certain other benefits, including the exclusive use of the home of the parties and payment of medical expenses, insurance, utilities, taxes and similar items. There was also a joint or alternate custody arrangement effected concerning the two children, which was followed, subject to certain modification, during the pendency of this action.
At the preliminary hearing plaintiff's counsel was awarded a counsel fee pendente lite in the amount of $500, plus taxed costs. The case continued on the docket pending final hearing during the year 1953, and was finally approved for trial although no date was actually fixed on the docket. At or about Thanksgiving of 1953 the plaintiff and defendant amicably adjusted their differences (and in connection with which adjustment plaintiff conferred with her attorney), and the parties resumed cohabitation as man and wife.
That plaintiff wife's counsel shall be permitted a counsel fee in such circumstances where the parties have become reconciled is well established under the laws of New Jersey. The court, in Morrison v. Morrison, 122 N.J. Eq. 233, 193 A. 908 (Ch. 1937), set down the basis for such a recovery and stated:
"In the case at bar the wife's solicitor in good faith instituted and pressed the suit in her behalf. She has not, and never has had, the means to compensate him. He has acted from the first upon the knowledge that his compensation must come from the husband. As solicitor for the wife he has done his work well. He has gone further and has aided in bringing about a reconciliation. In this respect he has acted in the interest of society and the public policy. Is he to be penalized for doing so by being denied a fee honestly earned? In matrimonial cases we regard the wife as the favored suitor, and call upon the husband to pay her suit moneys; otherwise, in many cases the wife would be powerless to assert her legal rights against him. We encourage reputable counsel to represent wives in meritorious cases, upon the implied assurance that they will be compensated for the reasonable value of their services through orders against the husband. We also applaud and encourage their efforts, as officers of the court, to effect reconciliations where possible. Unless all this is mere platitude, how can we penalize them for doing what *279 we preach to them is their duty? If we do so, how can we expect counsel to be willing to undertake a destitute wife's case against her husband, no matter how meritorious? Public policy requires that lack of means shall not deprive the wife of the services of a competent solicitor, and it follows that it is contrary to public policy to deny reasonable compensation to such solicitor in proper cases to be paid by the husband; a fortiori, where the suit has abated by reconciliation due to efforts of the wife's solicitor. It is true that the cause of action no longer exists and that as between the parties the only order which can properly be entered is an order dismissing the suit, but the wife's solicitor has acquired a separate interest of his own, which cannot be divested by act of the parties without his consent, and which it is the duty of this court to protect."
Counsel for defendant argues that in case of reconciliation no allowance for counsel fee should be made citing Shaffer v. Shaffer, 129 N.J. Eq. 42 (E. & A. 1941). In the Shaffer case, the proceedings did not go beyond filing the pleadings and answer. In the instant case a considerable amount of time was given and a considerable amount of work was done by counsel and substantial results were attained over defendant's opposition, and plaintiff was called upon to prepare her defense to defendant's counterclaim. Fairness to counsel justifies the consideration of the application under the philosophy of the Morrison case, supra.
As to the amount to be allowed, the leading case setting forth the general rules for allowance of final counsel fees in a matrimonial action similar in scope to the instant case is Armour v. Armour, 138 N.J. Eq. 145, 46 A.2d 826 (E. & A. 1946). Here the court stated:
"Her status now is that of a wife who sought to defend her most treasured rights and privileges against all the resources that a wealthy and influential husband could marshal against her; a status that has been attained because of the faithful, prolonged and skillful services of her lawyers. Having regard for the professional standing of counsel, the absorbing demands of this protracted case, the services of collaborators who must be paid and the obvious capacity of the petitioner to make reasonable compensation, we think that the allowance should be increased from $10,000 to $25,000."
"An allowance of this nature is based on defendant's means, the experience and standing of counsel, the vigor with which the cause is being prosecuted or defended by his adversary, and the amount and quality of the services he is likely to be called upon to render. *280 Cf. Geismar v. Geismar, 125 N.J. Eq. 44 (E. & A. 1939) and Hopson v. Hopson, 95 N.J. Eq. 540 (Ch. 1924), in which the court quotes with approval from Bishop on Marriage, Divorce and Separation:
`Natural justice and the policy of the law alike demand that in any litigation between husband and wife they shall have equal facilities for presenting their case before the tribunal. This requires that they shall have equal command of funds. So that if she is without means, the law having vested the acquisition of the two in him, he should be compelled to furnish them to her, to an extent rendering her his equal in the suit.'" Gross v. Gross, 22 N.J. Super. 407, 414 (App. Div. 1952).
The allowance must be limited to the services rendered in the matrimonial phases of the cause. Rule 4:55-7 provides:
"No fee for legal services shall be allowed in the taxed costs or otherwise, except: (a) In a matrimonial action. In such an action the court in its discretion may make an allowance to be paid by any of the parties to the action, charging, if it deems it to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues joined with matrimonial issues."
Authority heretofore vested in the Court of Chancery for the granting of counsel fee in causes generally is superseded.
For these reasons, and based upon all the factors to be considered as are more particularly enumerated in the affidavit supporting this motion and the financial circumstances of the parties, a reasonable allowance as and for final counsel fee to plaintiff's attorney in the within action should be made in the amount of $2,000.