30 N.J. Super. 433 (1954)
104 A.2d 866
MARGUERITE B. COLE, PLAINTIFF,
v.
NATHANIEL B. COLE, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 27, 1954.
*435 Mr. J. Schuyler Huff, attorney for plaintiff.
Messrs. Ruback and Albach, attorneys for defendant (Mr. Meyer E. Ruback appearing).
GOLDMANN, J.S.C.
The question presented for decision is whether a final counsel fee may be awarded where, after pendente lite allowance and before final hearing, the parties have reconciled and are living together as husband and wife.
By her complaint filed April 23, 1953 plaintiff sought support and maintenance for herself and the children of the marriage, exclusive use of the marital home, and discovery of defendant's assets. Two non-matrimonial matters were included in her demand for judgment  that a stock transfer and certain conveyances she had made be set aside because induced by defendant's fraud, and that defendant be restrained from disposing of his assets. Plaintiff then served a notice of motion for support and counsel fee pendente lite, discovery and a restraining order. This was accompanied by a number of supporting affidavits, including one by plaintiff which set out in some detail defendant's financial position as well as her and the children's needs. There were extensive answering affidavits and a reply affidavit. By order entered July 1, 1953 the court, among other things, directed defendant to pay $200 a week pendente lite for the support and maintenance of plaintiff and the children, a pendente lite counsel fee of $500, and taxed costs.
Defendant in due course filed his answer as well as a counterclaim for divorce on the ground of extreme cruelty and for custody. Plaintiff denied the charge. The action was then approved for trial. It had not yet been set down for hearing when plaintiff's attorney filed a notice of motion that he would on March 12, 1954 apply for a counsel fee for prosecuting the separate maintenance action and defending the counterclaim for divorce, and also for an order dismissing the complaint and counterclaim because the parties had *436 amicably adjusted their differences. His supporting affidavit revealed that shortly after Thanksgiving 1953 plaintiff informed him she had become reconciled with defendant; that he then advised defendant's attorney the action would have to be discontinued, and that although he had sought an amicable settlement of the counsel fee question he had been told that any application would be opposed. This affidavit set out at length the services rendered on plaintiff's behalf. The attorney had spent some 240 hours on the matter, appeared in court on three occasions and expended $283.64. Attached to the affidavit was a copy of a retainer agreement signed by plaintiff on March 9, 1953. By its terms she retained counsel to secure separate maintenance for herself and the children, an accounting of property jointly held, and the return of any property turned over to defendant. The attorney was to get $8,000 for his services; from this were to be deducted fees allowed pendente lite or by final order, plaintiff to pay the difference.
The counsel fee requested on the motion was $7,500. On April 5, 1954 the judge who had heard the argument filed an opinion, 30 N.J. Super. 276, upholding the right of plaintiff's attorney to a counsel fee despite the reconciliation before final hearing, and fixing the amount of the fee. Counsel for defendant promptly served a notice of motion for leave to reargue, on the ground that the judge had not decided the matter before retirement from judicial office because of age. (Constitution of 1947, Art. VI, Sec. VI, par. 3). I allowed reargument because the judge was without power to make the determination he did almost three weeks after leaving office.
Counsel for plaintiff relies on Morrison v. Morrison, 122 N.J. Eq. 233 (Ch. 1937), a decision by former Advisory Master Herr in which the Chancellor concurred. There, as here, the wife sought separate maintenance, a counsel fee pendente lite was allowed, and a reconciliation was effected just before the hearing, partly through the efforts of her attorney. He then applied for additional counsel fee and *437 for an order dismissing the bill. The application was granted, the advisory master holding that reconciliation did not defeat the claim of the wife's attorney for compensation.
Vice-Chancellor Howell had reached an opposite conclusion in Kuntz v. Kuntz, 80 N.J. Eq. 429 (Ch. 1912). In denying the requested allowance he said:
"* * * the reconciliation between the parties has abrogated the cause of action, and the suit as a legal proceeding no longer exists. It is true that it has not been formally ended by a dismissal of the bill, but it is likewise true that neither party can take any adverse step in the cause, for the reason that no cause of action exists. The present motion is by the counsel for the wife, but it is made in her behalf, because all proceedings of this nature must be in favor of the wife and all costs and counsel fees which are awarded in the suit must be awarded to her, and only she can proceed in her own name for costs and counsel fees or prosecute the husband for disobedience of an order in relation to the same. To permit a motion of this sort to be prosecuted on behalf of the wife against her husband after they have been reconciled to each other and have resumed cohabitation and are living together in a state of amity would be an anomaly. It would be continuing the litigation after the parties had put an end to it, and would have a tendency to break up the reconciliation and cause a resumption of the litigation. * * * [at pages 430-431]

* * * * * * * *
* * * The wife, by returning to her husband, and the resumption by them of their wonted marital relations, has ended all litigation between them and has rendered it impossible for this court to make any adverse order in the cause, or perhaps any order whatever except an order dismissing the bill." [at page 432]
The Morrison case sought to counter this reasoning with its own philosophy.
The problem before us was again presented, this time to the Court of Errors and Appeals, in Shaffer v. Shaffer, 129 N.J. Eq. 42 (1941), where, in support of their application for a counsel fee after reconciliation of the parties, the attorneys for complainant wife argued at length the applicability of the Morrison rationale. (See Volume 1614, Court of Errors and Appeals Records, appellant's brief, pp. 19-22, in the State Library.) Chief Justice Brogan wrote the opinion for the unanimous court in Shaffer, but did not refer to the *438 Morrison decision. However, his reasons for denying the requested counsel fee seemed to be directly addressed to the views projected in the Morrison case.
The present applicant contends that by denying him an additional counsel fee the court is permitting the very reconciliation he helped bring about, to defeat his just claim for services rendered in good faith. True, the reconciliation here was in part brought about through his efforts, but as was said in the Shaffer case [at page 44]:
"* * * Public policy ordains that the marriage status be maintained and it is the duty of counsel to encourage settlement of such cases under any circumstances."
As for the argument that an attorney is entitled to a lien on the cause of action or the decree [judgment] under R.S. 2:20-7, now N.J.S. 2A:13-5, the court said [at page 46]:
"* * * The cause of action has abated by mutual consent of the parties. If there was a cause of action  and there is no proof that the complainant's action was well founded in fact  it is not an action that was settled or discontinued, it simply ceased to exist, has become void by act of the parties, husband and wife voluntarily resuming the normal marriage state. No lien could attach thereto. Nor could a lien be impressed on the decree for there was no decree favorable to either husband or wife."
Plaintiff's attorney relies upon Chasan v. Kolb, 2 N.J. 263 (1949) and Marx v. Marx, 24 N.J. Super. 204 (App. Div. 1953). One is not in point and the other is certainly distinguishable.
R.R. 4:55-7, formerly Rule 3:54-7 as amended, supersedes the authority formerly vested in the Court of Chancery to grant counsel fees in causes generally. R.R. 4:55-7(a) provides that in a matrimonial action
"* * * the court in its discretion may make an allowance to be paid by any of the parties to the action, charging, if it deems it to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues joined with matrimonial issues." *439 There is no reason for resort to judicial discretion. The Kuntz and Shaffer cases, above, are dispositive of the application before the court.
In view of our conclusion it is not necessary to consider the secondary question as to the amount of the fee, which was argued at some length. However, two observations may be made: First, the fact that a wife, as was the case here, enters into a retainer agreement cannot, of course, even indirectly determine what counsel fee should be allowed in a proper case. Second, Armour v. Armour, 138 N.J. Eq. 145 (E. & A. 1946), so often advanced in matrimonial actions as authority for the granting of a liberal counsel fee, must be considered within its own special frame of reference. There the actual trial, in which the wife was unsuccessful in her defense against the charge of adultery, took between two and three months; she was represented by able and experienced counsel whose resourcefulness and devotion ultimately brought justice to her side; the record exceeded 2000 printed pages; the husband was worth some $20,000,000; the wife and her children were destitute. In reversing the finding of guilt the Court of Errors and Appeals, by Chief Justice Case, increased counsel's allowance from $10,000 to $25,000. Armour was a case where the power of money and the connivance of willing accomplices sought to fasten the ultimate marital offense upon an innocent wife.
Enlightenment as to what is a reasonable fee may be found in the final allowances approved by the former Court of Errors and Appeals in Munger v. Munger, 130 N.J. Eq. 279 (1941); Landis v. Landis, 131 N.J. Eq. 222 (1942); Weigel v. Weigel, 132 N.J. Eq. 33 (1942); Strong v. Strong, 138 N.J. Eq. 302 (1946); Isserman v. Isserman, 138 N.J. Eq. 311 (1946); Gruber v. Gruber, 139 N.J. Eq. 453 (1947); Minichello v. Minichello, 139 N.J. Eq. 464 (1947); Danzi v. Danzi, 142 N.J. Eq. 662 (1948); Grossman v. Grossman, 142 N.J. Eq. 714 (1948); and by our present Supreme Court or Appellate Division in Eberhard v. Eberhard, 4 N.J. 535 (1950); Staedler v. Staedler, 6 N.J. 380 (1951); Herr v. Herr, 13 N.J. 79 (1953); Spitalny v. *440 Spitalny, 3 N.J. Super. 76 (App. Div. 1949); McDonald v. McDonald, 6 N.J. Super. 11 (App. Div. 1949); Lehmann v. Lehmann, 7 N.J. Super. 232 (App. Div. 1950); Streader v. Streader, 18 N.J. Super. 433 (App. Div. 1952).
The complaint and counterclaim will be dismissed. The application for counsel fee is denied.