MERRITT LANE, complainant-respondent,

*v.*

SAMUEL W. RUSHMORE et al., defendants-appellants.

[Argued October term, 1938.   Decided February 6th, 1939.]

*Messrs. Rothschild & Rothschild (Mr. Jay Leo Rothschild),* for the defendants-appellants. ·

*Mr. Samuel Kaufman,* for the complainant-respondent.

The opinion of the court was delivered by

DONGES, J.

The court of chancery, on the advice of Vice-Chancellor Stein, enjoined the prosecution of an action at law by the appellants, being Rushmore, the plaintiff, and Bernstein, his attorney, against Merritt Lane and Hazel Howe Opie, formerly Mrs. Rushmore, which law suit charged them with a conspiracy to institute and prosecute groundless matrimonial proceedings against Rushmore and thereby to procure large sums of money by way of alimony and counsel fees. The bill filed by Lane set up that the action at law was inspired by malice and a desire on the part of Rushmore to wreak vengeance on Lane for his representation of Rushmore's wife; that the proceedings in the court of chancery precluded the action because the court of chancery had, in several proceedings, determined that the bills for maintenance filed by Lane on behalf of Mrs. Rushmore were filed in good faith and upon justifiable grounds. It sought temporary and perpetual injunction against further proceedings in the pending law action and the commencement of any other law suit respecting the subject-matter. The defendants-appellants answered taking issue and raising the question that the court of chancery was without jurisdiction to entertain the bill. General replication was filed and the case came on for final hearing.

The court of chancery found that the matters which were asserted by Rushmore as a cause of action against Lane and Mrs. Rushmore had all been adjudicated against Rushmore in the several actions in the court of chancery and that, therefore, they were *res adjudicata* and that chancery would enjoin the suit which sought to raise the same issues that had been determined in that court in the several matrimonial suits.

In April of 1931, Mrs. Rushmore filed a bill against her husband for separate maintenance. She received temporary alimony and a counsel fee was awarded Mr. Lane of $1,000. Defendant filed an amended answer alleging condonation of the cruelty charged, and Advisory Master Reed found that the defendant had maintained his allegation of condonation. He determined that the suit was filed by the wife upon good grounds and awarded a counsel fee of $3,000 to Mr. Lane. The bill of complaint was dismissed because of the proved condonation and this decree was affirmed by the court of errors and appeals.

In January, 1934, the second bill of complaint was filed for maintenance by Mrs. Rushmore. Her claim there was that after the determination of the former suit she made *bona fide* offers to return and resume marital relations with her husband but he refused. She sought a decree for maintenance and counsel fees. The defendant's answer was that the offers to return were not *bona fide*. He filed a separate petition for divorce on the ground of desertion. The bill for maintenance and the petition for divorce were consolidated and came on for final hearing. Pending final hearing, counsel fees were allowed but alimony was not allowed until final hearing. On final hearing, Advisory Master Grosman found that the offers to return were made in good faith, that the prior bill for maintenance was filed in good faith, and that the husband's charge of desertion was disproved. The petition was dismissed and a decree was made awarding maintenance to the wife. This court affirmed the findings below. Thereafter application was made for permanent maintenance and an award of $100 a week was made as alimony and a counsel fee of $5,000 was awarded to Lane.

Rushmore vigorously resisted the allowances, particularly the counsel fees, and asserted that the efforts of his wife were not in good faith. An appeal was taken by Rushmore from the order allowing a counsel fee but before hearing on it he reached a compromise with Mr. Lane.

On December 11th, 1935, Rushmore filed a petition for divorce on the ground of his wife's adultery in the months of October, November and December, 1935. He received a final decree adjudging his wife guilty and divorcing the petitioner, and on February 20th, 1936, an order was entered vacating the decree for separate maintenance entered on June 29th, 1934, on the second bill of the wife, but not mentioning that part of the decree which dismissed the husband's petition for divorce on the ground of desertion. This order of February 20th, 1936, adjudged that Mrs. Rushmore was guilty of adultery during the months of October, November and December, 1935, and ordered:

"2. That the final decree for separate maintenance in favor of said Hazel Howe Rushmore, against said Samuel Willis Rushmore, entered herein on June 29th, 1934, be set aside and for nothing holden;

"3. That the supplemental order entered herein on December 10th, 1935, awarding alimony in favor of said Hazel Howe Rushmore, be set aside and for nothing holden:

"4. That the bill of complaint herein for separate maintenance filed by said Hazel Howe Rushmore on January 2d, 1934, be dismissed."

The order then awarded a counsel fee to the then solicitor for Mrs. Rushmore, Mr. Lane not representing her in that proceeding.

It is asserted that the vacation of the decree allowing Mrs. Rushmore alimony renders that decree (of June 29th, 1934) void *ab initio*. But this is not so. There was no decree for the return of payments under that decree and the vacation operated prospectively only, so that all rights settled in that proceeding were valid until, by subsequent misconduct, Mrs. Rushmore rendered herself incapable of further enforcement of it and it was properly determined that her rights thereunder ceased.

In the decree of February 20th, 1936, no mention was made of the divorce proceeding by Rushmore on the ground of desertion, and we take it as true that the refusal of Rushmore's petition for divorce remained undisturbed. It was in this proceeding, as well as in the one joined with it for trial (Mrs. Rushmore's suit for maintenance) that the court of chancery adjudged good faith and made allowances. The finding of good faith, as of the time of the decree of June 29th, 1934, remains unimpeached. The June 29th, 1934, decree provided:

"1. That the petition for divorce by the said Samuel Willis Rushmore against the said Hazel Howe Rushmore be and the same is hereby dismissed."

This provision remains unchanged upon the record. As stated, the only ground for disturbing the 1934 decree was the subsequent misconduct of Mrs. Rushmore. Nothing was involved that in anywise related back to the situation prevailing when the decree was made.

In this situation the appellants assert that the court of chancery was without jurisdiction to award any relief, but if it be true that the matters which form the basis of the law action have been determined against Rushmore in the chancery suits, we think the question of jurisdiction has been settled against the appellants. Everything that is asserted as a ground for recovery in the law suit, namely, a lack of good faith and the desire to impose upon the court of chancery and secure alimony and counsel fees, was expressly and explicitly decided against Rushmore in the several equity suits. It seems clear that an *unpaid* solicitor is regarded as a party in interest to litigation. Hence, it would seem that until the question of Lane's right to payment was determined, he was, under the cases, a party in interest. *Ferraro* v. *City Hall Garage, 94 N. J. Law 209.* "Regarding the proceeding as one to be conducted in all essentials according to the course of the common law, it may be noted that all parties are already in court in the main action; the plaintiffs, the defendant, and the plaintiffs' attorney claiming a lien." *Artale* v. *Columbia Insurance Co., 109 N. J. Law 463.* If it be true that respondent is a party in interest, it would seem to follow

that a decree adjudicating his right in his favor puts him in the same position as if he were a named party in the litigation. The question vigorously litigated was whether he was entitled to counsel fees because it was asserted he did not act in good faith and his client was not acting in good faith. A decree adjudging good faith is available to him.

In *Carney* v. *Carney,* decided by this court September 22d, 1937, *119 N. J. Law 5,* it was held that former litigation in chancery is *res adjudicata* as to any cause of action covered by the decree, and this court reversed a judgment in favor of the wife, holding that the issues had been settled against her in the court of chancery.

The further question remains as to whether or not, the suit being at law and a plea of *res adjudicata* being permissible in that action, the court of chancery may restrain. This seems to be set at rest by the opinion in this court in *Putnam* v. *Clark, 34 N. J. Eq. 532.* In that case Vice-Chancellor Van Fleet said: "The doctrine of *res adjudicata* rests on strong reasons of public policy, and also of private right. If, after decree in equity, a party shall proceed at law for the same matter, equity will restrain him by injunction. Such suit at law is treated as contempt of court, for it is gross oppression to vex another with a double suit for the same cause of action." Citing authorities. In the opinion in this court Chief-Justice Beasley said: "The vice-chancellor has stated, with great clearness, the legal rule applicable to this case, and the decree should be affirmed, with costs."

Since appellants rely upon the strict record of the former proceedings, any discussion of the oral testimony or procedure is unnecessary.

The decree is affirmed, with costs.

*For affirmance*—TRENCHARD, CASE, BODINE, DONGES, PORTER, DEAR, WOLFSKEIL, RAFFERTY, WALKER, JJ. 9.

*For reversal*—THE CHIEF-JUSTICE, PARKER, HEHER, PERSKIE, WELLS, JJ. 5.