## No. 15,951.

### JONES *v.* JONES, EXECUTRIX.
(188 P. [2d] 892)

Decided January 5, 1948.   Rehearing denied January 26, 1948.

Messrs. STINEMEYER & STINEMEYER, for plaintiff in error.

Mr. HENLEY A. CALVERT, Mr. FUNSTON CLARK, for defendant in error.

MR. JUSTICE LUXFORD delivered the opinion of the court.

THIS is a will contest case, and involves the question of the legal authority of attorneys to bring a case to this

court and ask for supersedeas after their client has signed a stipulation for its dismissal.

We will herein refer to plaintiff in error as Robert Jones and defendant in error as Icel May Jones. Counsel who appeared in the trial for Robert Jones sued out the writ of error herein, and filed an application for supersedeas.

Morris A. Jones, a resident of Fremont county, Colorado, died testate, January 6, 1946, leaving as his sole and only heirs and legatees Icel May Jones his widow, and Robert Jones, an adopted son. His will was duly admitted to probate in the county court of Fremont county and Icel May Jones was appointed executrix of the same as provided therein. Robert Jones had theretofore signed a waiver of notice and consent that the will be admitted to probate and had accepted the legacy provided for him therein. Thereafter Robert Jones filed his petition to set aside the order admitting the will to probate which said petition the court, on September 17, 1947 after a hearing, dismissed. October 8, 1947, the following stipulation for dismissal was filed in said county court: "The undersigned, being all of the parties who have appeared herein, hereby stipulate that the Petition to Set Aside Order Admitting Will to Probate, filed by Robert Jones herein, be dismissed, with prejudice, each party to pay his and her own costs and fees. [signed] Robert Jones, petitioner. Icel May Jones, respondent, and executrix under the terms of the last will and testament of Morris A. Jones, deceased."

Robert Jones had a right to control his own case. It was for him to determine if, and when, he desired to cease litigating with his adoptive mother over his adoptive father's will. Any agreement which would deprive him of that right would be void as against public policy. He had a right also to stipulate for dismissal of his case without the advice, consent or approval of his attorneys; nor does the contingent fee claim of his lawyers in any way abrogate the ancient rule that permits and encour-

ages parties litigant to meet and adjust their differences, either with or without the presence and aid of their lawyers. *Nichols v. Orr*, 63 Colo. 333, 166 Pac. 561. It is claimed that the Nichols case is not applicable because there, no collusion was alleged. True, counsel in their brief, state that there was collusion, but this is denied, and it is claimed that Robert Jones himself stipulated for dismissal of his case because his lawyers insisted on appealing it when he did not desire to do so. In the light of the facts appearing, we cannot say that he was wrong. Directly on this point we said in *Nichols v. Orr, supra,* at page 340, quoting from *Curtis v. Metropolitan Street Ry. Co.,* 118 Mo. App. 341: "A party, for various reasons, may prefer not to have his attorney present during the compromise negotiations, and may even prefer not to consult with him about them. He may think that the presence of an attorney would have a bad effect upon his adversary and thereby interfere with the success of the negotiations. Many attorneys are far abler in advocacy than in compromise, or, he may fear that his attorney might attempt to dissuade him from his purpose to settle and succeed in turning him from a course which he desires to pursue."

We are of the opinion that attorneys for Robert Jones had no right to bring the case here and apply for a writ of supersedeas after their client had stipulated for its dismissal. We therefore do not pass upon the questions raised by Robert Jones in his petition to set aside the will of his adoptive father involved herein.

The application for a writ of supersedeas is denied and the writ of error dismissed.

Mr. Chief Justice Burke and Mr. Justice Jackson concur.