No. 19,188.

Lewis Edgar Stockham *v.* Juanita Stockham.
(358 P. [2d] 1026)

Decided January 30, 1961.

Mr. Merle M. Marshall, for plaintiff in error.

Mr. John B. Smith, for defendant in error.

*En Banc.*

Mr. Chief Justice Hall delivered the opinion of the Court.

The parties appear here in reverse order of their appearance in the trial court. We refer to them as they there appeared.

On December 10, 1958, the plaintiff commenced this

action. In her complaint she sought a divorce, custody of two minor children, money for the support of the children, costs and reasonable attorney fees. On the same day she filed a separate pleading, "Petition for Temporary Support Money," in which she asked for money for her support in addition to the items requested in her complaint.

On December 12, 1958, the defendant filed his answer in which he denied plaintiff's charge of cruelty and in a cross-complaint charged the plaintiff with cruelty and prayed for a divorce.

The record before us does not disclose any further action in the case until May 21, 1959, at which time plaintiff *through her attorney* filed a motion stating that the parties had become reconciled (date not disclosed); that he was entitled to a reasonable attorney fee for services rendered in the case and that the plaintiff was without funds to pay the same; that the defendant was well able to pay and should be ordered to pay "into the registry of the court for the use of plaintiff's attorney said sum of $100.00 * * *."

On June 9, 1959, the defendant filed a motion requesting an order dismissing plaintiff's complaint and defendant's cross-complaint for the reason that the parties have been living together and cohabiting as husband and wife at all times from the commencement of the action, and that by so doing each had condoned the alleged acts of cruelty of the other.

On June 11, 1959, the trial court entered an order directing the defendant to:

"* * * pay to the plaintiff's attorney * * * the sum of $94.92 * * * for his attorney's fees in this matter."

The defendant is here by writ of error seeking review and reversal and contends as grounds therefor that the parties had abandoned the divorce proceedings and that the court was without jurisdiction to enter any orders in the case.

In *Hobbs v. Hobbs*, 72 Colo. 190, 210 Pac. 398, we

held that an order granting attorney fees is reviewable even though there has been no final judgment in the case.

"* * * There is before us, however, the trial court's order granting temporary alimony and attorney's fees to the date of the order, December 31, 1921. This order is reviewable, as a final judgment, even if there has not yet been a final judgment granting a divorce. *Bagot v. Bagot,* 68 Colo. 562, 191 Pac. 96; *Daniels v. Daniels,* 9 Colo. 133, 10 Pac. 657; *Benham v. Willmer,* 71 Colo. 451, 207 Pac. 592."

So far as the record before us discloses, the divorce case is still pending on defendant's motion to dismiss. Resumption of marital relations by the parties to a divorce action affords good grounds for a dismissal thereof, but does not serve to divest the court of jurisdiction. In fact defendant in filing his motion for an order of dismissal not only recognizes the jurisdiction of the court but seeks to have the court exercise its jurisdiction.

Chapter 37, Session Laws of 1958, page 220 (C.R.S. '53, 46-1-5) provides:

"(1) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:

* * *

"(d) suit money, court costs, and attorney fees * * *."

There is nothing to indicate that the questioned order of the court is not in compliance with the provisions of the statute and within the jurisdiction of the trial court.

The judgment is affirmed.