70 N.J. Super. 513 (1961)
176 A.2d 276
EDNA HARTNACK, PLAINTIFF-APPELLANT,
v.
FRANK HARTNACK, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1961.
Decided December 6, 1961.
*514 Before Judges PRICE, SULLIVAN and LEONARD.
Mr. Albert L. Cohn argued the cause for appellant (Messrs. David & Albert L. Cohn, attorneys; Mr. Daniel Crystal, on the brief).
Mr. Bernard G. Goldstein argued the cause for respondent.
The opinion of the court was delivered by PRICE, S.J.A.D.
The single question presented for decision on this appeal is whether plaintiff's attorneys may, in their own interest, despite their client's abandonment of the appeal, continue the prosecution thereof in an endeavor to reverse the trial court's refusal to grant plaintiff's application for counsel fees and costs and to direct the payment thereof by defendant.
*515 By the appeal, initially taken herein on February 11, 1961, plaintiff sought to reverse an order of the Superior Court, Chancery Division, entered January 24, 1961, denying her motion to amend a judgment, dated May 5, 1949, so as to require defendant to pay increased sums for the support and maintenance of the minor son of the parties, then and now in plaintiff's custody by virtue of the aforesaid judgment. The judgment had awarded a divorce to plaintiff on the basis of a finding that defendant had deserted her. Despite plaintiff's subsequent abandonment of the aforesaid appeal, of which action the clerk of this court was at her request advised in writing by her attorneys on August 30, 1961, the latter contemporaneously asserted their intention of continuing the prosecution thereof for the purpose of challenging the propriety of that portion of the trial court's aforesaid order referable to counsel fees and costs. Defendant's contention that plaintiff's attorneys have no standing to prosecute the appeal presents the issue to be resolved.
In a supplemental brief filed with this court under date of October 26, 1961, plaintiff's attorneys stated that although they believed that their "right to appeal was safeguarded because the original Notice of Appeal challenged the entire order * * *, to meet the argument that counsel must be named as an appellant, an amended Notice of Appeal," dated October 26, 1961, "is being submitted forthwith for filing." The "Amended Notice of Appeal" stated that plaintiff's attorneys "hereby appeal to the Appellate Division of the Superior Court of New Jersey, nunc pro tunc, from an Order entered in the Superior Court of New Jersey, Chancery Division, dated January 24, 1961, wherein the application of the plaintiff for counsel fees and costs was denied."
Defendant challenges the filing of such amended notice of appeal by plaintiff's attorneys in their own name on the eve of oral argument, months after the initial appeal was taken and weeks after the abandonment thereof by plaintiff, and without any sanction therefor under the rules of this court. Defendant's position is well taken. The asserted *516 right to file such amended notice of appeal is rejected and its filing hereby is invalidated.
We turn to the attorneys' basic contention that, as plaintiff initially appealed from the entire judgment, they may, despite the abandonment of the appeal by her, continue to prosecute that portion thereof dealing with the aforesaid disallowance of counsel fees and costs.
In support of their position plaintiff's attorneys rely chiefly on the case of Lane v. Rushmore, 123 N.J. Eq. 531 (Ch. 1938), affirmed 125 N.J. Eq. 310 (E. & A. 1939), cert. denied 307 U.S. 636, 59 S.Ct. 1033, 83 L.Ed. 1518 (1939). The cited case furnishes no support for the course of action here pursued.
In Rushmore Mr. Lane, solicitor for Mrs. Rushmore in a matrimonial action instituted by her and which had been concluded, sought to enjoin the prosecution of an action at law, brought by Rushmore against him and Mrs. Rushmore, in which action Rushmore charged that they had conspired to institute and prosecute "in bad faith and with dishonest purpose and by fraudulent means * * * matrimonial causes against him." (123 N.J. Eq., at p. 533.) In Mr. Lane's aforesaid action to enjoin the suit at law he alleged that the entry of an order for counsel fees in the matrimonial action constituted an adjudication that his conduct had been ethical. Rushmore contended that the award of counsel fees in the matrimonial action was not res judicata of the good faith of the wife's attorney, because, inter alia, the attorney was not a party to that action (Rushmore, supra, 123 N.J. Eq., at p. 540). The court characterized Rushmore's contention as "somewhat misleading as it affects the instant case" and refused to accept it "as a wholly correct statement." The court said (at p. 542):
"* * * It is true that a solicitor in a cause is not a party to it in the same sense as a complainant or defendant, but he is a party thereto in his own right, as an `unpaid solicitor.'

* * * * * * * *
*517 In matters relating to the allowance of counsel fees, the solicitor is regarded as a party. If his participation in the cause is determined to be in bad faith, he is not entitled to and will not be allowed a counsel fee as compensation. As already indicated hereinabove the allowance of a counsel fee to Mr. Lane was in fact an adjudication that he acted in good faith and that his services merited reward."
It is perfectly clear that the court's holding in Rushmore was expressed with reference to the peculiar circumstances existing in that case. The court there held that Mr. Lane, an officer of the court, was deemed to have sufficient standing (in the matrimonial action in which there had been an allowance of counsel fees) as "a party thereto in his own right, as an `unpaid solicitor,'" to justify his contention that the "orders allowing counsel fees to the complainant, Lane, as solicitor for the wife, necessarily established the good faith of the wife's litigation." Rushmore, supra, 123 N.J. Eq., at p. 540; and, on affirmance, Lane v. Rushmore, supra, 125 N.J. Eq., at pp. 314-315. The controlling factor in the court's decision in Rushmore was that, in a matrimonial proceeding in which Mr. Lane as the wife's solicitor was deemed by the court to be a party in interest (125 N.J. Eq., at p. 314), the allowance of a counsel fee to him in that action conclusively established his good faith and barred Rushmore, under the doctrine of res judicata, from relitigating that issue. Rushmore, supra, 123 N.J. Eq., at p. 545.
The decisions in Rushmore, determining the right of an attorney to rely on the prior adjudication of a court as evidence of his good faith and probity, and holding that in his capacity as an attorney in said action he was clothed with sufficient party status to permit him to treat the court's judgment allowing him counsel fees as res judicata of the propriety of his actions, have no controlling influence on the issue here presented. The Rushmore opinions, supra, cannot be tortured into justifying the attempt of plaintiff's attorneys in the case at bar to prosecute an appeal (abandoned by their client) solely for the purpose of seeking *518 a review of that portion of the criticized order of the trial court in which the court refused to direct that defendant pay their counsel fees and costs. No warrant exists for the act of plaintiff's counsel in lifting the statements in the Rushmore opinions as to the status of the wife's attorney completely out of context and using them in an attempt to support the claim here made.
In assessing the argument of plaintiff's attorneys it is necessary that it be made perfectly clear that we are not here dealing with their right to be compensated by their own client for their professional services, nor are we concerned with the quality or the extent of services rendered by them for their client. We are dealing with the specific question whether, following an order of the Chancery Division in which the court on plaintiff's application refused to increase the allowances for support of a minor child and in the exercise of its discretion refused to compel defendant to pay counsel fees and costs incident to that proceeding, the attorneys may go forward with the appeal of which their client has directed a dismissal.
In Cole v. Cole, 30 N.J. Super. 433 (Ch. Div. 1954), the question presented for decision, as stated in the opinion, was "whether a final counsel fee may be awarded where, after pendente lite allowance and before final hearing," the parties became reconciled and were "living together as husband and wife." There, in dealing with an application by the wife's attorney for the allowance of counsel fees despite the dismissal of the matrimonial action, the court had occasion to treat specifically with the nature of such fees. Judge Goldmann, in his opinion (at p. 437), cited with approval the case of Kuntz v. Kuntz, 80 N.J. Eq. 429 (Ch. 1912), in which Vice-Chancellor Howell, in denying a requested allowance in a similar situation, said:
"`* * * the reconciliation between the parties has abrogated the cause of action, and the suit as a legal proceeding no longer exists. It is true that it has not been formally ended by a dismissal of the bill but it is likewise true that neither party can take any adverse *519 step in the cause, for the reason that no cause of action exists. The present motion is by the counsel for the wife, but it is made in her behalf, because all proceedings of this nature must be in favor of the wife and all costs and counsel fees which are awarded in the suit must be awarded to her, and only she can proceed in her own name for costs and counsel fees or prosecute the husband for disobedience of an order in relation to the same. To permit a motion of this sort to be prosecuted on behalf of the wife against her husband after they have been reconciled to each other and have resumed cohabitation and are living together in a state of amity would be an anomaly. It would be continuing the litigation after the parties had put an end to it, and would have a tendency to break up the reconciliation and cause a resumption of the litigation. * * * [at pages 430-431]

* * * * * * * *
* * * The wife, by returning to her husband, and the resumption by them of their wonted marital relations, had ended all litigation between them and had rendered it impossible for this court to make any adverse order in the cause, or perhaps any order whatever except an order dismissing the bill.' [at page 432]"
Although the termination of the litigation in Kuntz, and in Shaffer v. Shaffer, 129 N.J. Eq. 42 (E. & A. 1941), to which the court in Cole (30 N.J. Super., at p. 437) also referred, resulted from the reconciliation of the parties, that fact in no way affects the court's definitive description of the nature of the allowance of counsel fees and costs in a matrimonial action. As above expressed (Kuntz, 80 N.J. Eq., at pp. 430-431), application for the allowance of counsel fees and costs, although made "by the counsel for the wife * * * is made in her behalf," and if "awarded in the suit must be awarded to her * * *." Compare Iovino v. Iovino, 58 N.J. Super. 138, 144 (App. Div. 1959).
We determine that plaintiff's attorneys, under the circumstances here present, are without standing to prosecute this appeal, either by the aforesaid abortive filing of a nunc pro tunc notice of appeal in their own name or by attempting to prosecute the appeal in the name of their client.
In view of our foregoing determination it is unnecessary to consider the attorneys' contention that the trial court *520 abused its discretion in refusing to direct the payment of costs and counsel fees by defendant.
The appeal is dismissed. No costs.