No. 20,249.

CLAYTON H. MORRISON *v.* EDNA C. PECK, ET AL.
(376 P. [2d] 58)

Decided November 13, 1962.

Mr. THOMAS C. SINGER, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

PLAINTIFF in error, to whom we will refer as Morrison, is here by writ of error to review the trial court's judgment refusing to allow him attorney fees for services rendered while representing Edna C. Peck, plaintiff in a divorce action. Both parties to the divorce proceedings are made defendants in error here but no appearance has been made by either of them in this Court. There is no reporter's transcript in the record before us. The clerk's record discloses that the trial court allowed the sum of $100.00 for attorney fees pursuant to a motion filed August 31, 1960, to require the payment of a reasonable sum for "temporary maintenance and support of the plaintiff and minor children of the parties, and to pay plaintiff's attorney's fees."

The record shows the following events took place in the divorce action while Morrison was acting as attorney for the plaintiff Edna C. Peck:

1. Issuance of Summons by Morrison July 21, 1960, and filed in court August 2, 1960, together with proof of service.

2. A complaint for Separate Maintenance filed August 2, 1960, on behalf of plaintiff.

3. An Answer and Counterclaim for Divorce filed by defendant Horace T. Peck, August 30, 1960.

4. A Motion for Temporary Maintenance and Support and for Attorney's fees filed by Morrison on behalf of plaintiff.

5. An order of the court entered September 2, 1960, by which the parties were restrained from disposing of property.

6. A Motion filed by Morrison December 9, 1960, for allowance of attorney fees and for leave to withdraw from the case upon payment of his fee.

Thereafter appearances in the case in behalf of the plaintiff Edna C. Peck were made by other counsel, and on January 5, 1961, it was ordered by the court that Morrison be permitted to withdraw as attorney for plaintiff. The trial court proceeded to trial and granted a divorce to both parties.

January 11th and 12th, 1961, a hearing was had on the matter of property settlement, at the conclusion of which a master was appointed, certain orders not material here were entered, and the trial court further directed that:

"Mr. Morrison's motion for attorney's fees is to be held in abeyance until the final settlement of this cause, and also Mr. Coulter is in the same status."

Several other hearings were had pertaining to sale of certain properties, disbursement of money, etc., and on February 21, 1961, a written agreement by the parties settling their respective property rights was filed in which it was agreed that:

" * * * each of the parties shall pay their own attor-

ney's fees for services rendered in the above action; and that each party will pay their respective Court costs." ·

The order of which Morrison complains was finally made January 10, 1962. After reciting pertinent parts the trial court ruled as follows:

"The question presented to this Court is as follows: Does this Court, sitting as a Court in a marital relations problem, specifically, divorce, have the power or authority under Colorado law to assess attorney's fees against the wife, plaintiff, in favor of her attorney who represented her in the action and who later withdrew as such attorney?

"The answer must be in the negative. * * *

* * *

"Accordingly, the motion by Mr. Singer in behalf of Mr. Morrison for the assessment of attorney's fees against Mr. Morrison's former client, the plaintiff herein, is denied."

Apparently the trial court was laboring under the impression that the application for attorney fees was for an order in behalf of Morrison as against his own client, and not against the defendant. We do not so construe Morrison's motion. It sought the entry of "an order determining the fee to which he is entitled for representing plaintiff in the within action, * * * ."

[1, 2] Under the language used in the motion, the fee asked for could be awarded against the defendant husband or against either of the parties, or against both of them. Nor do we construe C.R.S. '53, 46-1-5 as limiting the authority of the court to award fees only as against a defendant. That act reads:

"(1) (a) At all times after the filing of a complaint, whether before or after the issuance of a divorce decree, the court may make such orders, if any, as the circumstances of the case may warrant for:

* * *

"(e) Suit money, court costs, and attorney fees; * * *"

There is no finding by the trial court that the circum-

stances did not warrant a further allowance of fees to Morrison for the services rendered by him to his withdrawal. If he was entitled to additional fees the agreement between the parties for payment of fees as between those parties was not binding on Morrison.

*Tower et al. v. Tower,* 147 Colo. 480, 364 P. (2d) 565, relied upon by Morrison, differs in some respects from the case at bar. There the award made to plaintiff's attorney before his withdrawal was clearly made "on account" and the trial court had reserved further action on his claim until final determination. When the parties reached a final settlement, the defendant husband agreed to indemnify plaintiff from liability on the claim filed by her attorney. In the instant case it was long after the filing of the attorney's claim that the court said it would reserve ruling thereon until final disposition of the case. Also in the *Tower* case the record contained a transcript of evidence on which this court fixed the amount to be paid. In the case at bar there is no evidence or offer of proof to show the value of Morrison's services rendered prior to the date of his withdrawal.

The cause is remanded to the trial court for the entry of findings on the question of the value of legal services rendered by Morrison, if any, for which he may not have been compensated, and for entry of judgment consistent with said findings.