## No. 21519.
### ANGELITA A. PACHECO *v.* JOSEPH E. PACHECO.
(398 P.2d 978)

Decided February 8, 1965.

ROBERT LELAND JOHNSON, pro se, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

ANGELITA A. PACHECO, through her attorney Robert L. Johnson, filed her complaint in the trial court for separate maintenance against her husband, Joseph E. Pacheco. At the same time, she filed a motion for temporary support for herself and her children, and for temporary attorney's fees. An application for restraining order was also heard, and the order issued. A date was set for the hearing on the temporary orders and notice of the hearing was served on the husband.

Shortly thereafter, the parties reconciled. On the date set for the hearing on the temporary orders, the wife's attorney appeared and requested a hearing on the application for attorney's fees. The trial court refused to hear the motion on the ground that the reconciliation precluded it from awarding any attorney's fees, and that the attorney had no further standing in the instant action. The trial court was in error.

We pointed out in *Stockham v. Stockham*, 145 Colo. 376, 358 P.2d 1026, where attorney's fees were awarded to the wife's attorney over the husband's objection after the parties had reconciled, that the reconciliation did not deprive the court of jurisdiction to award such fees. Under circumstances where the attorney's client, in a domestic relations case, is no longer interested in whether the court enters orders requiring

reasonable compensation to him, equity demands that he be treated as an intervenor. He does have standing to pursue his claim in the domestic relations case, and he is not required to resort to some other remedy. The rationale of this doctrine is clearly demonstrated in *Morrison v. Peck,* 151 Colo. 83, 376 P.2d 58, and *Tower v. Tower,* 147 Colo. 480, 364 P.2d 565.

The attorney in the instant case had a right to present his evidence as to what attorney's fees, if any, should be awarded him under the well-established standards laid down by this Court with respect to attorney's fees in domestic relations cases.

The judgment is reversed and the matter remanded for further proceedings not inconsistent with this opinion.

MR. JUSTICE MOORE not participating.