432

No. 23570.

SUSAN HOFFMAN *v.* JAMES B. HOFFMAN.
(447 P.2d 1005)

Decided December 16, 1968.

PEHR and NEWMAN, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

THIS case is before us on writ of error directed to the refusal of the trial court, in a divorce action, to hear evidence or make a final award of attorneys' fees to Mrs. Hoffman, the plaintiff below. Mr. Hoffman has not appeared in this court.

Pehr and Newman, attorneys, were substituted as counsel for the plaintiff after the filing of the complaint, motion for temporary orders, issuance and service of summons, and temporary restraining order by Mrs. Hoffman's original attorney who, by mutual agreement, withdrew his representation.

On May 29, 1967, after a hearing at which both the plaintiff and defendant testified, the court ordered the defendant to pay "temporary attorney fees of $150.00 * * *."

According to an affidavit filed by Mr. Pehr in support of the motion for new trial, he devoted four hours and forty-five minutes to consultation with the plaintiff, preparation of affidavits, orders, and to the hearing relating to the temporary orders.

Mr. Pehr further claims that from the date of that hearing until November 15, 1967, Pehr and Newman spent another thirteen and one-half hours in "examination of defendant's answer and cross complaint" in which the defendant challenged the validity of the adoption proceedings by which the defendant adopted the plaintiff's son; the preparation of an answer, motion to strike, contempt citation, order for issuance and citation, amended order for citation, notices for settings, and motion and supporting brief for new trial; as well as their appearance and representation of plaintiff at the hearing for divorce. Not included in the affidavit was time spent in defending a direct attack on the adoption decree in Adams County, nor the time spent in the appearance

for hearing the motion for new trial. Although the motion for new trial in reference to fixing attorney fees was denied, it should be noted that a new trial was granted on one phase of the proceedings relating to child support. Whether this should be considered in fixing the fees of counsel must be left to the determination of the trial court, since whatever occurred thereafter is not a part of the record here.

At the hearing on the divorce complaint, the defendant withdrew his answer and consented to the cause proceeding as a noncontested case. Counsel for the defendant was then permitted to cross-examine the plaintiff on matters relating to alimony and support money over the objections of the plaintiff. The court and counsel for defendant, in a dialogue between themselves, decided that there was no necessity for a hearing on the division of the property of the parties. The court then entered a decree granting plaintiff a divorce and custody of the child, but failed to give counsel for plaintiff an opportunity to even make a statement on the subject of attorneys' fees.

In the motion for new trial, as to the fixing of attorneys' fees, the plaintiff pointed out that:

"9. * * * counsel for plaintiff unsuccessfully requested a hearing to present evidence upon which to base such award.

"10. That the award [temporary orders] for attorneys' fees * * * was not based upon any evidence and was wholly arbitrary and capricious and constituted an abuse of discretion.

"11. The award of attorneys fees to plaintiff's attorneys was inadequate for the work performed by plaintiff's counsel on her behalf and on behalf of the child of the parties, and is inconsistent with the minimum bar fees as recommended by the Colorado Bar Association."

As we pointed out above, this portion of the motion for new trial was denied.

The law on this subject has been clearly spelled out

in three recent cases of this court and repetition here of the law stated in those decisions would serve no useful purpose. See, *Pacheco v. Pacheco,* 156 Colo. 356, 398 P.2d 978; *Morrison v. Peck,* 151 Colo. 83, 376 P.2d 58; *Tower v. Tower,* 147 Colo. 480, 364 P.2d 565.

From the reasoning of those decisions we now conclude that the trial court erred in not affording the plaintiff an opportunity to present evidence as to the services rendered by Pehr and Newman, her attorneys, and the reasonable value of such services. The defendant, of course, is entitled to credit for all sums heretofore paid for attorneys' fees under the "temporary orders."

The judgment is reversed and the cause remanded to the trial court for the entry of findings on the question of the value of legal services rendered by Pehr and Newman for which they may not have been compensated and for the entry of judgment consistent with the findings.