PER CURIAM.
This is an appeal filed by the plaintiff wife in a divorce suit from a post judgment order. The order appealed from awarded fees for the services of attorneys who represented the wife in the suit. The contention on the appeal is that the amount awarded as a fee for the services of one of the attorneys was inadequate. The defendant husband filed cross-assignments of error under which he contends the attorney fees awarded were excessive.
At the outset we are met with a question as to jurisdiction of the appeal. Upon consideration of the record we are impelled to conclude that the appeal was not timely filed, and that this court does not have jurisdiction thereof. The ap-pellee husband did not file a timely appeal or cross-appeal. His position, based on having filed cross-assignments of error in the appeal taken by the plaintiff wife, is dependent upon the validity of the latter’s appeal. Upon concluding that we do not have jurisdiction of the wife’s appeal, it follows that we do not have jurisdiction to consider the husband’s cross-assignments of error filed in connection with that appeal.
The order or judgment appealed from was dated January 26, 1970, and was filed of record on January 28, 1970. The appeal therefrom was filed more than three months later, on May 14, 1970. Neither of the parties to the suit filed a petition for rehearing or other timely post-trial motion. However, on February 5, 1970, a motion for rehearing was filed, in proper person, by one of the two attorneys for whose services for the wife fees were awarded in the order appealed from. The ground of that attorney’s motion for rehearing was that the fee allowed for his services was inadequate. That motion was heard and denied by the trial court on April 15, 1970, and within thirty days thereafter this appeal was filed by the wife from the January 1970 order.
The determinative question as to timeliness of the appeal is whether the filing of a motion for rehearing by one of the wife’s attorneys in proper person operated to defer the rendition date of the January order to April 15, the date upon which the attorney’s motion for rehearing was denied.
Rule 3.2(b) FAR, 32 F.S.A. provides that appeals shall be commenced within thirty days from the rendition of the decree, judgment or order appealed from. Rendition is defined in Rule 1.3 FAR as follows:
Rendition’ of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and page number. Where there has been filed in the lower court a timely and proper motion or petition for a new trial, for a rehearing, or other timely post-trial motion or petition permitted by the Rules, the decision, judgment, order or decree shall not be deemed rendered until such motion or petition is disposed of.”
Where an award has been made of fees for services of a wife’s attorney in a divorce suit, an appeal therefrom cannot be instituted by or in the name of the attorney. Hope v. Lipkin, Fla.App.1963, 156- So.2d 659.
The fact that upon determination of an amount of reasonable attorney fees, for which the wife shall be indemnified or reimbursed by the husband, the fee awarded is ordered to be paid by the husband to her attorney rather than to the wife (as permitted under § 61.16 Fla.Stat., F.S.A., by and subsequent to chapter 22676, § 1 Laws of Florida 1945) does not operate to alter the rule announced above. This is so because the fee award, notwithstanding the order granting it may direct that it be paid by the husband to the wife’s attorney, is in legal contemplation an allowance to the wife, since the basis for the award is the duty and obligation of the husband to defray her costs for counsel. See *446 Novack v. Novack, Fla.1968, 210 So.2d 215 at 217, and cases cited there.
In conformity to the rule that an attorney for whose benefit a fee is so allowed, not being a party to the divorce suit, may not appeal therefrom, we hold that such an attorney (who has not become a party to the cause by formal intervention) is not entitled to move in his own name for rehearing or file other post-trial motions for reconsideration of the order making the fee award, and that when such a post-trial motion was filed by the (non-party) attorney in this case it did not operate to toll or extend the period for appeal.
Based on the foregoing we conclude that the date of rendition of the order appealed from was not the date upon which the rehearing motion filed by the attorney was disposed of, but was the date of the filing for record of the fee allowance order which is the subject of the appeal.
Whereupon, this appeal by the wife having been filed after the period allowed therefor by the appellate rules, it is hereby dismissed for want of jurisdiction.
It is so ordered.