**In re the MARRIAGE OF James SHAPARD, Appellee,**

and

**Rosalie E. Shapard,**

and

**Concerning Gerald L. Jorgensen and Jorgensen, Pepin, Raba, Lewis & Motycka, P.C., n/k/a Jorgensen, Motycka & Lewis, P.C., Lien Claimants–Appellants.**

No. 03CA0782.

Colorado Court of Appeals, Div. II.

Sept. 23, 2004.

Lee D. Warkentine, P.C., Lee D. Warkentine, Broomfield, Colorado, for Appellee.

Jorgensen, Motycka & Lewis, P.C., Anne B. Jorgensen, Greeley, Colorado, for Lien Claimants–Appellants.

Opinion by Chief Judge DAVIDSON.

In this post-dissolution proceeding concerning the marriage between James Shapard (husband) and Rosalie E. Shapard (wife), wife's former attorney, Gerald L. Jorgensen, and his law firm, now known as

Jorgensen, Motycka & Lewis, P.C. (collectively, lien claimants), appeal from an order awarding attorney fees by husband to wife pursuant to § 14–10–119, C.R.S.2003. Wife and husband have not appealed. We affirm.

The parties' marriage was dissolved in 1993. In 1999, wife filed a motion to modify the maintenance award, which included a request for attorney fees pursuant to § 14–10–119. In response, husband filed a motion to terminate maintenance. The court held a hearing on the parties' motions and entered an order increasing the amount of maintenance payable from husband to wife from $300 to $600 per month. Because of the parties' financial circumstances, the court also awarded wife her attorney fees in an amount to be determined at a subsequent hearing.

Husband appealed from the court's order modifying maintenance, and a division of this court affirmed. Husband included an argument that the court erred in awarding wife her attorney fees. The division dismissed that portion of the appeal without prejudice because the amount of the award had not yet been determined and, as a result, the award was not yet final. See In re Marriage of Shapard, (Colo.App. No. 00CA1406, July 26, 2001)(not published pursuant to C.A.R. 35(f)).

After the conclusion of husband's appeal, wife filed a renewed motion for attorney fees, requesting fees from the time she filed her motion to modify maintenance to the present. Before the hearing on attorney fees, Jorgensen filed a notice of attorney lien pursuant to §§ 12–5–119, 12–5–120, C.R.S.2003. The court entered judgment in favor of lien claimants in the amount of $35,318.42, plus fees and costs associated with collection and interest at the rate of sixteen percent from the date of the notice of lien. Jorgensen subsequently filed a motion to withdraw. One day before the hearing on attorney fees, lien claimants filed a motion to intervene in the case.

A magistrate held a hearing on wife's motion for attorney fees. At the time of the hearing, lien claimants' motion to intervene had not yet been ruled on. However, the magistrate allowed lien claimants to participate in the hearing and introduce evidence on the reasonableness and necessity of their fees. Because wife had not retained new counsel at the time of the hearing, the court allowed an attorney from lien claimants' firm to represent wife at the hearing.

The magistrate subsequently denied lien claimants' motion to intervene, stating that although it appeared the interests of wife and lien claimants coincided at the time of the hearing, the magistrate had since determined that their interests were potentially conflicting.

The magistrate awarded wife only the attorney fees incurred in connection with the 1999 hearing on modification of maintenance. The magistrate found wife's reasonable and necessary fees through the hearing were approximately $7100 and ordered husband to pay $7000 directly to lien claimants.

On review, the district court affirmed the magistrate's order, finding the motion to intervene was not timely filed and the denial of the motion did not prejudice lien claimants' rights because they had participated in the hearing. The court also found no error in the magistrate's denial of wife's request for fees subsequent to the 1999 maintenance hearing or in the amount of wife's attorney fees to be paid by husband.

Lien claimants now appeal, contending that the magistrate erred in denying their motion to intervene and in setting the amount of fees that husband was to pay. In response, husband argues that the court properly denied lien claimants' motion to intervene and that, because wife and husband have not appealed, lien claimants have no standing to challenge the attorney fees ruling. We agree with each party in part, but find no grounds for reversal.

I.

■ We agree with lien claimants that they have standing to appeal from the order denying intervention. See Grijalva v. Elkins, 132 Colo. 315, 287 P.2d 970 (1955).

II.

■ We also agree that, as attorneys with a charging lien against wife, lien claimants were entitled to intervene in the action to

assert and enforce their lien. However, any error in the court's denial of their motion to intervene for that purpose resulted in no prejudice and, therefore, was harmless.

An attorney fees lien is statutory in nature, and no such lien exists apart from statute. Under § 12–5–119, attorneys have a "charging lien" that begins to accrue from the moment of commencement of services. *In re Marriage of Berkland,* 762 P.2d 779 (Colo.App.1988). The purpose of the charging lien is to satisfy the attorney's equitable claim for services rendered to the client. *In re Estate of Benney,* 790 P.2d 319 (Colo. 1990).

An attorney's lien, like other liens, merely places others on notice that someone claims an interest in the funds subject to the lien, and it must be reduced to judgment before title to the liened property is transferred. Such a lien attaches automatically to any monies or property due or owing to the client on any underlying judgment the attorney may have obtained or assisted in obtaining to the extent of the attorney's reasonable fees remaining due and unpaid. *People ex rel. MacFarlane v. Harthun,* 195 Colo. 38, 581 P.2d 716 (1978).

Once the judgment is obtained, nothing more need be done to enforce the lien. *In re Marriage of Berkland, supra.*

Intervention may be sought when a statute provides an unconditional right to intervene or when an applicant claims an interest relating to the property or transaction that is the subject of the action which may as a practical matter impair or impede his interest. C.R.C.P. 24(a) (intervention as of right); *see also* C.R.C.P. 24(b) (permissive intervention).

Although intervention by third parties in dissolution proceedings usually is discouraged, *see, e.g., Simpson v. Simpson,* 151 Colo. 88, 376 P.2d 55 (1962), an attorney's charging lien may be asserted and enforced by intervention in the action that gave rise to the lien, as well as by independent civil action. The issues to be determined are whether the amount asserted as a lien is proper and what means should be used for enforcement of the lien. *Gee v. Crabtree,* 192 Colo. 550, 560 P.2d 835 (1977); *In re Mar-*

*riage of Mitchell,* 55 P.3d 183 (Colo.App. 2002).

Here, lien claimants moved for intervention to protect their claims against wife concerning payment of attorney fees and satisfaction of their attorney's lien. Although their motion ultimately was denied, prior to the hearing on apportionment of fees between husband and wife, the court entered judgment against wife in favor of lien claimants for over $35,000, the full amount owed by wife to her attorneys, and subsequently enforced the lien against wife's $7000 attorney fees award from husband. Furthermore, the record shows that lien claimants fully participated in the fees hearing and presented all their proffered evidence on the reasonableness and necessity of their fees, including expert testimony.

As husband points out, lien claimants have not been precluded from collecting their judgment against husband or from initiating a collection action against wife for the remainder of the fees. Thus, contrary to their contention, the denial of their motion did not affect their ability to protect their interests as lienors. *See Feigin v. Alexa Group, Ltd.,* 19 P.3d 23 (Colo.2001)(intervenors' interests protected by availability of alternative forum).

### III.

■ As to the attorney fees award, lien claimants essentially contend that the court ordered husband to pay an insufficient portion of wife's fees. Husband responds that lien claimants do not have standing, on their own behalf, to raise these issues on appeal. We agree with husband.

Standing is a jurisdictional prerequisite to any appeal. *E & A Assocs. v. First Nat'l Bank,* 899 P.2d 243 (Colo.App.1994). A party does not have standing to appeal the portions of a judgment involving only the interests of a nonappealing party. *Potter v. Thieman,* 770 P.2d 1348 (Colo.App.1989). Thus, even were they intervenors in the dissolution action, lien claimants would have standing here only to the extent they have a separate legal interest in the amount of the fees husband was ordered to pay. Similarly,

as nonparties, they would have standing to appeal only if they had been substantially aggrieved by the judgment or order. *Bush v. Winker,* 907 P.2d 79 (Colo.1995)(to be substantially aggrieved, a party must have been denied some claim of right or have been burdened with a substantial obligation); *see Jones v. Jones,* 117 Colo. 420, 188 P.2d 892 (1948)(when a client refuses to institute or maintain an appeal, an attorney has no standing to seek review of issues which concern only the interests of the parties in the action); *see also Weeks v. Indep. Sch. Dist. No. I–89,* 230 F.3d 1201 (10th Cir.2000)(counsel have standing to appeal from orders directed at them, but not from orders applicable only to their clients).

Section 14–10–119 grants the court the power to order one spouse to pay to the other a reasonable amount for costs and attorney fees incurred in maintaining and defending a dissolution action. The purpose of the statute is to allow the court to apportion costs and fees equitably between the spouses based on their relative incomes, assets, and liabilities. *In re Marriage of Aldrich,* 945 P.2d 1370 (Colo.1997).

Although the reasonableness and need for the fees is a factor in the court's evaluation, § 14–10–119 is not a general grant of authority to the dissolution court to determine the amount of fees to which an attorney may be otherwise entitled. *In re Marriage of Nichols,* 38 Colo.App. 82, 553 P.2d 77 (1976). Rather, the court's authority under the statute is solely to determine, *as between the spouses,* the reasonable attorney fees for which a spouse should be responsible, under all the circumstances of the case. *In re Marriage of Seely,* 689 P.2d 1154 (Colo.App. 1984).

Pursuant to § 14–10–119, the court in its discretion may require that any payment of fees ordered from one spouse to the other spouse be made directly to the latter's attorney. We agree that, under this statutory provision, the determination by the court as to whom the award ultimately is paid affects an attorney directly and, accordingly, constitutes a separate legal interest. This determination is consistent with the limited intervention allowed to attorneys in dissolution

cases to assert and enforce charging liens against their clients. *See In re Marriage of Mitchell, supra.*

However, we find nothing in the plain language of § 14–10–119 or in its underlying purpose—to equalize the financial status of the parties—that can be read to allow, in the dissolution action, a spouse's attorney, as lienholder or otherwise, to litigate a claim for fees against the other spouse. To the contrary, the allocation of the responsibility for payment of fees under the statute concerns only the divorcing spouses. Consequently, we conclude any right to challenge the merits of that allocation belongs only to them.

We note that our interpretation is consistent with decisions of the other courts that have addressed similar issues. *See Oberhellmann v. Oberhellmann,* 950 S.W.2d 487 (Mo. Ct.App.1997)(law firm, as nonparty to divorce proceedings under statute nearly identical in pertinent part to Colorado dissolution statute, lacked standing to challenge court's denial of client's fee request); *see also In re Marriage of Read,* 97 Cal.App.4th 476, 118 Cal.Rptr.2d 497 (2002)(right to attorney fees belongs to client spouse and accrues to benefit of attorney only indirectly, even if award is made payable directly to attorney); *In re Marriage of Tushinsky,* 203 Cal.App.3d 136, 249 Cal.Rptr. 611 (1988)(party's former attorney did not have standing to appeal from award of attorney fees in dissolution action because attorney was not an aggrieved party); *Simkins v. Simkins,* 249 So.2d 444 (Fla.Dist.Ct.App.1971)(appeal from award of attorney fees in divorce action cannot be instituted by or in name of attorney); *Hartnack v. Hartnack,* 70 N.J.Super. 513, 176 A.2d 276 (App.Div.1961)(where client spouse abandons appeal, attorneys have no standing to prosecute portion of appeal relating to fees and costs, either in client's name or in their names).

Nevertheless, lien claimants argue, even if they otherwise have no claim to the amount of fees determined to be paid by the other spouse, they have standing here because they were substantially aggrieved under the circumstances. We disagree.

In the truly exceptional circumstance in which an attorney in a dissolution case has been denied all right to pursue an order for reasonable compensation, Colorado courts have allowed the attorney to pursue a claim in equity. *See Pacheco v. Pacheco,* 156 Colo. 356, 398 P.2d 978 (1965); *Tower v. Tower,* 147 Colo. 480, 364 P.2d 565 (1961)(attorney substantially aggrieved by trial court's determination that it lacked jurisdiction to award fees to which attorney was entitled).

Here, however, unlike in *Pacheco* and *Tower,* wife pursued payment of her attorney fees from husband in the trial court. Although Jorgensen moved to withdraw prior to the hearing, and lien claimants were not formally granted intervention, at the fees hearing lien claimants were allowed to present all their evidence pertaining to the reasonableness and necessity of their fees, and an attorney from lien claimants' firm was allowed to represent wife.

Moreover, as discussed, lien claimants' legal interest in the action was in the method of payment ordered by the court, and any intervention necessarily would have been circumscribed by their status as lien claimants against wife. Consequently, the court's entry of judgment on their lien for the full amount requested and its subsequent order directing payment of almost all the fees awarded to wife from husband gave lien claimants all that they would have been entitled to under § 14–10–119. And although the fees awarded from husband were less than the full amount sought, the court's ruling imposed no constraint on lien claimants' further pursuit of payment of their fees from wife.

We conclude that the order directing payment by husband of only a portion of wife's attorney fees did not impose any burden on lien claimants sufficient to render them substantially aggrieved. Thus, only wife and husband, and not lien claimants, have standing to challenge the amount of attorney fees to be paid by husband.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

Based on our disposition, we do not address the remaining issues raised by the parties.

The order is affirmed.

Judge CASEBOLT and Judge PIERCE * concur.