EDWIN F. MARX, PLAINTIFF-APPELLEE, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, A CORPORATION OF THE STATE OF MARYLAND, DEFENDANT-APPELLANT.

Argued October 6, 1936—Decided October 23, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *George R. Jackson* and *William P. Braun.*

For the plaintiff-appellee, *Laurence Semel.*

BODINE, J.  The defendant company insured a Ford truck owned and operated by Edwin F. Marx, who at the time of the issuance of the policy was engaged in farming and garbage removal in Lancaster county, Pennsylvania.

Under section 4, the policy provided that the company would not be liable while the automobile "(1) is used for any purposes not stated in the Declarations, nor, unless expressly and specifically stated in the policy, while the automobile is used for rental or livery purposes, carrying passengers for a consideration, towing a trailer not insured by the Company, demonstrating or testing."  No leave was granted to rent the truck.  The policy further provided that the company would not be liable for loss or damage "(c) because of the use or operation of a trailer while attached to an automobile which is not insured by the Company."  It also provided under section 5:  "A. The word 'Automobile' wherever used in this policy shall mean only a motor vehicle [or trailer] with reference to which the insurance hereunder is provided.  The policy applies separately for each such motor vehicle, but a

trailer and the motor vehicle to which it is attached shall be considered together as one automobile." Just what the provisions about trailers may mean we need not decide.

The policy was in effect when the insured was in an accident resulting in a death. At that time there was attached to the truck a four-wheel trailer nowheres specifically mentioned in the policy. When an action was brought against the assured alleging that his negligent operation of the truck and trailer had caused the death, the company disclaimed liability.

The insured was successful in defending the death action. He then sued for his expenses in defending himself and recovered judgment therefor in the District Court for the First Judicial District of Essex county.

It appears that at the time of the accident the plaintiff had rented the truck to the Pyramid Motor Company for $75 for the week, and was on his way to pick up a load of merchandise in Newark in order to go back to Philadelphia that day upon their business. The finding by the trial judge that there was no use for rental or livery purposes by reason of the rental to the Pyramid Company is so contrary to the plaintiff's own testimony, wherein he stated that he had leased the truck for the week in which the accident occurred and was about the business of the Pyramid Company at the time of the accident, that it cannot stand. We think the rental of the truck was clearly an avoidance of the policy and that the disclaimer of liability was clearly proper. *Neilson* v. *American Mutual, &c.,* 111 *N. J. L.* 345; 168 *Atl. Rep.* 436.

It is, therefore, unnecessary for us to consider the other questions urged by the appellant.

The judgment is reversed.