89 N.J. Super. 433 (1965)
215 A.2d 367
L. MELVIN ELTING, PLAINTIFF,
v.
EDWIN FRIEMAN, IRWIN LEE RHINE, ALLAN LANS, JAY SKLAR, MARVIN WISCH, AND RIVERDELL HOSPITAL, INC., A NEW JERSEY CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 29, 1965.
Decided December 7, 1965.
*434 Before Judges GAULKIN, LABRECQUE and BROWN.
Mr. Lewis M. Holland argued the cause for appellants Warren, Chasan, Leyner & Holland.
Mr. Edward Pesin argued the cause for the defendants.
The opinion of the court was delivered by GAULKIN, S.J.A.D.
Appellants Warren, Chasan, Leyner and Holland represented the defendants in the above entitled action in the Chancery Division. After the case was settled a dispute arose between appellants and defendants over the fee to be paid to appellants, as a result of which appellants asserted a retaining lien on defendants' books and records in appellants' possession.
Appellants' brief concedes that "The essential nature of the retaining lien is passive; it cannot be `enforced'; it gives the attorney the right to retain possession of his client's property, but not to foreclose, sell, or otherwise dispose of the property to satisfy the lien," citing 7 Am. Jur., Attorneys at Law, § 280, p. 201 and Brauer v. Hotel Associates, Inc., 40 N.J. 415, 422 (1963). Nevertheless, appellants filed a petition in the cause praying that the Chancery Division "fix the amount of their retaining lien * * * and determine the conditions under which said documents, books, records and property shall be turned over to the defendants." Defendants countered with notice that they would move to dismiss the petition on the ground that Chancery lacked jurisdiction to do what appellants asked. The parties then agreed upon an order which recited that "pending the hearing" of defendants' motion appellants would turn over the records to defendants upon the latter's depositing with the Clerk of the Superior Court *435 $12,500 in cash or securities "to secure the payment of any legal fees which may be adjudged to be due to * * * petitioners * * * in this action, or in any other action which may be brought * * * for the said fees * * *." This order was entered May 1, 1964. In June, after the deposit had been made and the records delivered, defendants' motion to dismiss the petition for lack of jurisdiction was argued and granted, with the proviso that the deposit be retained by the Clerk of the Superior Court "until further order of the Court." Appellants appeal from the judgment of dismissal.
Appellants contend that the Chancery Division should have fixed the fee and ordered it paid out of the deposit. Their argument is as follows: they admit that Chancery had no jurisdiction to fix the fee when they filed their petition or even when the May 1 order was entered, but they contend that by making the deposit and taking the records pursuant to that order defendants submitted to the jurisdiction of the court, and the court was then obliged to go on to a final determination of the amount of the fee to be paid. For this proposition appellants rely chiefly upon Steiner v. Stein, 2 N.J. 367 (1949).
We find Steiner quite different from the case at bar and that it does not support appellants' position. To begin with, in Steiner the bill was filed by the client against the attorney to obtain documents upon which the attorney asserted a retaining lien. It has long been well settled that such bills are within the jurisdiction of Chancery. Steiner, at p. 375; see Annotations, 3 A.L.R.2d 148 (1949), 111 A.L.R. 487 (1937), 33 A.L.R. 1296 (1924). The reasons for the assumption of this jurisdiction are detailed in Steiner. In sum, jurisdiction is assumed to protect the client from oppression by his attorney via retention of needed papers. A fortiori, those reasons give no support to the proposition that the attorney should have an equal right to seek the aid of equity. Appellants have cited no case in which equity has recognized such a right in the attorney, or accepted jurisdiction of such a complaint as presented here.
*436 Second, in Steiner the client sought to enjoin the prosecution of an attachment action brought by the attorney in New York for fees, under which the monies due the client had been seized. This, of course, was within equity's jurisdiction. Finally, and quite important, the client "tender[ed] payment of whatever sum might be adjudged due * * *" the attorney. (at p. 370)
Steiner proceeded upon the well-established principle that "the jurisdiction of equity is tested by the facts existing at the inception of the suit; and if the complainant is then entitled to equitable relief, equity's jurisdiction to settle all the issues, even though purely legal in nature, * * * will not be defeated by subsequent events * * *." (at p. 373)
Here we have no such basis. The petition filed by appellants was not within the jurisdiction of Chancery. The jurisdiction was immediately attacked by defendants; that attack was not waived or abandoned by their consenting to the order of May 1 or by carrying out its terms; and thereafter they pressed their attack and the petition was dismissed. Defendants certainly did not intend to submit the fixing of the fee to Chancery, as did plaintiff in Steiner.
In short, the trial judge was correct in leaving appellants to their remedy at law.
Appellants ask us to announce a new rule to permit attorneys to present fee disputes to Chancery, at least where a retaining lien is involved. We doubt if we have the power to do so in the face of the New Jersey precedents, most of which are collected in Steiner. In any event, we are not convinced of the advisability of doing so.
The judgment is affirmed.