146 N.J. Super. 330 (1977)
369 A.2d 970
MARY D. COHEN, PLAINTIFF-RESPONDENT,
v.
MURRAY L. COHEN, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 11, 1977.
Decided January 28, 1977.
*332 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Ben J. Slavitt argued the cause for appellants; Slavitt, Fish & Cowen, P.A. (Messrs. Slavitt, Fish & Cowen, attorneys).
Mr. James P. Lordi argued the cause for respondent (Messrs. Lordi, Imperial & Dines, attorneys; Mr. George T. Imperial on the brief).
PER CURIAM.
This is an appeal by the law firm which formerly represented plaintiff wife in her matrimonial action. The trial judge is alleged to have erred essentially in denying appellant's application for approval of the amount of counsel fee that she should pay for its legal services over and above the amount awarded to it as counsel fee to the wife against the husband, and in denying the application to award judgment in its favor and against plaintiff wife for said amount less credit for such sums as may be paid by defendant husband under the award of counsel fee made against him.
Appellant law firm represented Mrs. Cohen from the inception of the matrimonial action until its conclusion when the final judgment was entered on March 24, 1975. This judgment contained an order (judgment) "allowing to appellant against defendant, Murray L. Cohen [husband-defendant in said matrimonial action], for counsel fees in the amount of $8,500 together with taxed costs."
Thereafter, on August 1, 1975 appellant law firm moved before the matrimonial judge who had entered the final judgment for an order "[a]djudicating as fair and reasonable the fee charged by [said firm] to plaintiff ($15,177.85 which includes costs) and entering judgment against plaintiff for said amount" less credit for all monies paid by Murray L. Cohen "when and if same are collected," and providing for the manner, method and time of payment of the fee "found to be due and owing from plaintiff to her attorney."
*333 Attached to the notice were certifications of a member of the law firm setting forth an itemization of the services allegedly performed and a statement that he understood Mrs. Cohen was willing to acknowledge
* * * the difference between $8,500.00 and $15,177.85 ($6,677.85 as the amount which is her obligation) however, she will not specify from what funds or how this money is to be paid nor will she indicate how we are to collect the $8,500.00 from Mr. Cohen except to indicate I am free to pursue the collection of these monies against Mr. Cohen as I see fit. * * *
Said attorney further stated that without some instruction from the court the course suggested by Mrs. Cohen would "place me in a race with my former client for the collection of Mr. Cohen's assets." Accordingly, he requested the judge to adjudicate the reasonableness of the fee charged to Mrs. Cohen and the manner and method of collection.
At oral argument Mr. Slavitt for his law firm, appellant, expressed his solicitude for Mrs. Cohen and the predicament in which she might find herself if his firm attempted to recover from her former husband the $8,500 allowance out of assets of his that might otherwise be subjected to satisfying the terms of the final judgment, which also provided for alimony, child support and equitable distribution.
Mrs. Cohen was represented by other counsel, who contested appellant's right to the relief sought. She filed an affidavit below in opposition to appellant's motion, in which she denied any agreement to pay a fee of $15,000. She asserted, instead, that when she engaged appellant's firm she was told the fee would approximate $7,500. When she explained she had no assets "[h]e told me that he would take a $500 retainer and that I would not have to pay the balance of $7,000 until the case was finished," and that he would credit upon said approximate fee whatever was received by way of allowance by the court from her husband.
The parties waived oral argument and submitted the determination of the motion to the trial judge on the pleadings, *334 affidavits, certifications and memorandums of law. The judge denied appellant's application. Hence this appeal.
According to the agreed statement of proceedings in lieu of transcript pursuant to R. 2:5-3(e), the trial judge indicated that he did not dispute that the work performed by appellant was done or that appellant was entitled to its fee, but that he did not believe that his court had the jurisdiction or authority to grant to petitioner an award against its own client or the balance of the relief requested by appellant. He expressed an opinion that a separate suit should be instituted in the Law Division to collect the balance of the fee and resort should be had to normal execution procedures as to how the monies due from Mr. Cohen or Mrs. Cohen should be paid. We agree.
The cases and authorities relied on by appellant do not support its position. Flavell v. Flavell, 15 N.J. Misc. 167, 187 A. 639 (Ch. 1937), was decided before our present rules and our present views as to allowances by courts for counsel fees. As held in Cole v. Cole, 30 N.J. Super. 276 (Ch. Div. 1954), the authority previously vested in the Court of Chancery for granting of counsel fees in causes generally has been superseded. Instead, the allowances are circumscribed by our court rules. The applicable rule, R. 4:42-9(a) (1), will be discussed hereinafter.
Flavell involved a matrimonial action in which the wife had agreed to pay her attorney a fee of $2,000. The final decree allowed her a counsel fee of $750 to be paid by her husband. Realizing the language of the decree with respect to this allowance, literally interpreted, adjudicated the value of his services to be $750, so that he might not be able to recover the difference of $1,250 from his client, the attorney sought an amendment of the decree to correct the asserted literal interpretation so that he could compel his client to pay the difference of $1,250.
The advisory master in Flavell said: "A solicitor's compensation is an integral part of every such cause and both client and counsel are of right entitled to have any dispute *335 concerning the reasonableness thereof passed upon by this court. 15 N.J. Misc. at 172. This language is interpreted by appellant to mean that the court not only had the jurisdiction but was required to fix the fee as between plaintiff wife and her attorneys. This is not so.
While we have no doubt that the court may under certain circumstances pass upon the reasonableness of a fee charged a party by his attorney for representing him in a matter before that particular court, Steiner v. Stein, 2 N.J. 367, 372 (1949), it is not required to do so.
* * * [J]urisdiction is assumed to protect the client from oppression by his attorney via retention of needed papers. A fortiori, those reasons give no support to the proposition that the attorney should have an equal right to seek the aid of equity. Appellants have cited no case in which equity has recognized such a right in the attorney, or accepted jurisdiction of such a complaint as presented here. [Elting v. Frieman, 89 N.J. Super. 433, 435 (App. Div. 1965)]
Thus, in Marx v. Marx, 24 N.J. Super. 204 (App. Div. 1953), plaintiff wife instituted an action in the Superior Court, Chancery Division, for separate maintenance and custody of two children against her husband. Joined in said action was a claim of an inchoate right of dower in certain real estate alleged to be beneficially owned by her husband and held in trust for him by a corporation also named as a defendant with the husband. After a reconciliation between the husband and wife and a dismissal of the action, a dispute arose between the attorney and his client, defendant husband, concerning the amount of the fee remaining due him for his professional services. When he received no satisfaction from his efforts to recover same, the attorney applied to the matrimonial judge "for an Order Assessing Costs and Counsel Fee" as against the husband and the corporation. Besides holding that the cause of action asserted against the corporation presented no matrimonial issues and hence the allowance of a counsel fee to be paid by the corporation was not permissible, the court said:
*336 We conclude that in the situation here presented the judge of the Chancery Division lacked jurisdiction in a summary proceeding, so inaugurated and conducted, to adjudicate the liability of the defendants for the reasonable value of the professional services rendered by the attorney. The appropriate procedure is available by means of an independent action. N.J.S. 2A:13-6; 7 C.J.S. Attorney and Client 1100, sec. 194; Universal Oil Products Co. v. Standard Oil Co., 6 F. Supp. 37 (D.C. 1934), considered on appeal, sub nom. German v. Universal Oil Products Co., 77 F.2d 70 (C.C.A. 1935). [at 208]
We pause to observe, as was noted in the foregoing case, Marx at 207, that we are not here concerned with an ancillary proceeding to enforce an attorney's lien pursuant to the so-called Attorneys' Lien Act, N.J.S.A. 2A:13-5.
As indicated in Bolte v. Rainville, 138 N.J. Eq. 508 (E. & A. 1946):
* * * Being an action ex contractu to enforce an obligation arising from the rendition of the services, and a promise to pay, express or implied, the usual rule applies that recourse to equity may be had only where the legal remedy is inadequate. Such is the general rule. 5 Am. Jur. 369, 370; 7 C.J.S. Attorney and Client 1100, 1102, 1103. Equity may enforce an attorney's lien; and it may in certain circumstances determine the quantum of the attorney's compensation in the exercise of a summary jurisdiction arising from the attorney's dishonest, oppressive or clearly illegal conduct. Strong & Sons v. Mundy, 52 N.J. Eq. 833; Lynde v. Lynde, 64 N.J. Eq. 736. Equity may also inquire into the fairness and reasonableness of a contract for professional services between an attorney and client entered into while the fiduciary relation or its influence subsists. But this superintendency is exerted to secure the client against the attorney's use of the confidential relationship to reap an unfair advantage. In such circumstances, the attorney has the burden of establishing the fairness of the stipulated compensation. Brown v. Bulkley, 14 N.J. Eq. 451; Schomp v. Schenck, supra, 40 N.J.L. 195; Kelley v. Schwinghammer, 78 N.J. Eq. 437. The power of equity to revise or cancel a contract for professional services between an attorney and client is designed to protect the client from the undue influence of his attorney, and is confined accordingly. The law courts are no less able than equity to protect an attorney from injustice in an action for fees and disbursements in circumstances such as these. [at 513-514]
Appellant also contends that R. 4:42-9(a) (1) furnished the authority for the trial judge to grant the relief sought. That rule, as relevant provides:
*337 (a) * * * No fee for legal services shall be allowed in the taxed costs or otherwise, except
(1) In a matrimonial action, the court in its discretion may make an allowance, both pendente lite and on final determination, to be paid by any party to the action, including, if deemed to be just, any party successful in the action; but no allowance shall be made as to nonmatrimonial issues merely because joined with matrimonial issues. [Emphasis supplied]
Appellant suggests that the emphasized phrase "to be paid by any party to the action," means that it authorizes the court to fix the fee to be paid by any party to his own attorney. Not so. The rule is concerned only with allowances to other parties  not to one's own counsel. Thus, in the comment following this rule (Pressler, Rules Governing the Courts (1976 ed.), (at 672), it is said: "The 1971 amendment of this subparagraph [4:42-9(a) (1)] clarifies the intent of the 1969 revision that in a matrimonial action, * * * an award of counsel fees may be made in favor of any party" (emphasis supplied). See Schwartzstein v. Schwartzstein, 94 N.J. Super. 590 (Ch. Div. 1967). Indeed, the whole purpose of R. 4:42-9 was to regulate the allowance of counsel fees among parties  not as between litigants and their attorneys. R. 4:42-9(c), which requires applicants for fees to state "how much had been paid to the attorney * * * and what provision, if any, has been made for the payment of fees to him in the future," lends further weight to our interpretation of the purposes of this rule. Furthermore, fees have always been considered as awarded to the litigant, not counsel, although they are payable to the attorney. Flavell, supra; Herr-Lodge, Marriage, Divorce and Separation (3 ed. 1963), § 1602 at 115.
As to the method of payment of the fee awarded against defendant husband in the instant case, the trial judge exercised his discretion to deny to appellant any particular method of recovery.
Finding as we do that the trial judge did not err in denying appellant's application, said order is affirmed.