MARY TAGLIABUE, PLAINTIFF, v. ROBERT LOUIS
TAGLIABUE, DEFENDANT.

Superior Court of New Jersey
Chancery Division Bergen County

Decided February 19, 1982.

*Thomas W. Williams*, initially for plaintiff.

*Robert B. Blackman*, for plaintiff (*Blackman & Effron*, attorneys).

*Patrick J. Kelly*, for defendant.

KRAFTE, J. J. D. R. C. (temporarily assigned).

In the ever-burgeoning field of matrimonial litigation it is not at all uncommon that the party's attorney who files the com-

plaint is not the attorney on the scene at the final judgment. As a matter of experience, it is not so rare that three, four or more attorneys will represent one party in a substantial case. If that party is the wife, the probabilities are that *both* attorneys have contracted their right—and, perhaps, obligation,—to seek all or part of their counsel fees from the husband. A situation arises, therefore, where at the conclusion of the case, a husband is faced with claims from both attorneys for fees, on simultaneous applications. Such is the case here. No appellate court of New Jersey has addressed this problem. We address it now.

The genesis for awarding counsel fees in a matrimonial matter is R. 4:42–9(a)(1):

In a matrimonial matter, the court in its discretion, may make an allowance ... on final determination, to be paid by any party to the action, including, if deemed to be just, any party successful in the action. . . .

This will form the touchstone of what follows.

Thomas W. Williams, Esq., has filed a notice of motion seeking counsel fees from defendant, claiming representation of plaintiff from May 1980 through April 1981, an effective one-year period, from summons to the termination of his services during the pendency of this action.

Blackman & Effron, Esqs., have filed a notice of motion seeking counsel fees from defendant, claiming representation of plaintiff from April 28, 1981 to the final hearing on October 29, 1981.

This court notes that there does not appear to be an effective overlapping of claimed services.

Defendant, in specific response to Williams' application, takes the position that he "[d]oes not have the right to apply for counsel fees" and, further, that "he no longer represents" plaintiff, that "he voluntarily withdrew from this case" and that Williams is in no "position to demand a counsel fee contribution from me *under the present status of the case law.*" (Emphasis

supplied). No such case law, if any exists, has been furnished to this court.

As to defendant's response to Blackman & Effron's fee application, defenses are raised which are not relevant to the proposition now being considered by this court.

Returning to the source rule above, it is immediately observed that reference is made to payment to a "party." However, since 1937, in the matter of *Flavell v. Flavell*, 15 *N.J.Misc.* 167 (Ch.1937), the interpretation of the denomination "party", in the limited context of a counsel fee application, has been stated to mean "attorney," for all practical purposes.

> The respondent's argument ... that in respect to costs and counsel fees, he is accorded no standing in law because these items are payable not to the solicitor but to his client. Not so. It is true that costs and counsel fees are allowed in right of the litigant, but they are payable to the solicitor. [*Id.* at 169]

In *Armour v. Armour*, 138 *N.J.Eq.* 145 (E. & A.1946), the court dealt with an attorney of record and two associates from the same firm, all of whom appeared at trial, though only the main attorney participated. In a somewhat oblique reference to the present case, the court held:

> We think the advisory master was sound in making the allowance solely to the solicitors of record rather than directly to the several lawyers who were recorded in the stenographer's notes as appearing at the hearings. [15 *N.J.Misc.* at 162]

Commenting on the *Armour* case, in *N.J.Practice* (Herr and Lodge, *Marriage, Divorce and Separation*), (3 ed.), § 1602 at 116, it was stated:

> However, in fixing the amount of fees to be awarded to the attorney of record, the court should consider not only the services rendered by the attorney of record but also by any other attorney on his request.

The most recent pronouncement in this restricted area appears to be *Cohen v. Cohen*, 146 *N.J.Super.* 330 (App.Div.1977), where the court held:

> Furthermore, fees have always been considered as awarded to the litigant, not counsel, although they are payable to the attorney. [at 337]

Combining the above principles, and being bound by them, this court finds that

1. Plaintiff, as the party-litigant, has the absolute right to make application to this court, under *R.* 4:42–9(a)(1), for payment of *all* or a portion of her counsel fees by defendant.

2. Plaintiff is obligated to *both* of her attorneys for reasonable and necessary services rendered by each of them.

3. Williams is, technically, not the attorney of record.

4. Blackman & Effron are the attorneys of record.

5. The affidavit of Williams, comprising his application, may better have been made by separate inclusion in the application of Blackman & Effron for fees.

6. The filing of a separate application by Williams is not fatal.

7. This court of equity has the jurisdiction to entertain a counsel fee application by a *former* attorney of record. To rule otherwise might well place the attorney in a position of unreasonable reliance on the *present* attorney of record to protect his fees. Equity, which will not permit a wrong to occur without providing a remedy which is lacking at law, will not be bound by tight constraints imposed by the law courts in establishing third-party beneficial status. *See Broadway Maint. Corp. v. Rutgers,* 180 *N.J.Super.* 350, 356 (App.Div.1981). Unless such status is afforded Williams, he may well remain remediless. This cannot be tolerated. This court interprets *R.* 4:42–9(a)(1) and the *Flavell* and *Armour* cases, *supra,* to create an equitable third-party beneficiary status in favor of the attorney. Given such status, he may, independently, pursue his remedy, and this court may, therefore, award counsel fees to all attorneys of record, though serving at separate times, so long as the total fee awarded conforms to all established standards, and no duplication exists.

Defendant's application to dismiss the motion of Williams is denied.