**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3451-16T4

I.L.R.

    Plaintiff,

v.

R.T.R.,

    Defendant-Appellant.

_____

IN THE MATTER OF ALEXANDER H.
CARVER, III,

    Respondent.

_____

        Argued May 24, 2018 — Decided June 28, 2018

        Before Judges Reisner and Mitterhoff.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Family Part, Bergen
        County, Docket No. FM-02-1634-13.

        R.T.R., appellant, argued the cause pro se.

        Alexander H. Carver, III, argued the cause for
        respondent (Harwood Lloyd, LLC, attorneys;
        Alexander H. Carver, III, of counsel and on
        the brief; Eileen P. Kuzma, on the brief).

PER CURIAM

Appellant R.T.R. appeals from the March 17, 2017 Family Part order granting respondent Alexander H. Carver, III, counsel fees for his service as defendant's guardian ad litem. We affirm.

On February 1, 2013, plaintiff I.L.R. filed a divorce complaint against appellant. Appellant's then counsel filed an answer. Shortly thereafter, however, appellant terminated his relationship with his counsel, and proceeded pro se; notably, appellant is an attorney, but he has never practiced family law.

On July 22, 2014, the Family Part judge presiding over the divorce action sua sponte appointed Carver as guardian ad litem (GAL) for appellant because he "suffered a brain injury [o]n or about July 27, 2011, which has prevented him from participating in his divorce action in a timely manner." The order also stated that Carver, would "be compensated for his services at an hourly rate of $400.00." The judge selected Carver based on his extensive experience in family law. The order also authorized respondent to:

> negotiate on [d]efendant's behalf, settlement of the issues ancillary to the parties' divorce including but not limited to custody, parenting time, spousal support, child support, equitable distribution, counsel fees and any other ancillary issues relating to the parties' anticipated divorce . . . . [as well as] enter into a final agreement . . . .

In August 2014, respondent assisted appellant in retaining counsel, Mark P. McAuliffe, Esq., to represent him in his divorce action. Respondent was relieved as GAL in August 2015. On January 27, 2016, however, after the trial judge granted McAuliffe's motion to be relieved as counsel, the judge re-appointed respondent as GAL for appellant.

On or about October 18, 2016, plaintiff and appellant reached a settlement, and on November 16, 2016, the judge entered a dual final judgment of divorce. The judge entered an amended final judgment of divorce on February 3, 2017.

On February 16, 2017, respondent submitted a certification in support of his counsel fee application. Respondent submitted an itemized list of hourly services expended on R.T.R.'s behalf in support of his application. R.T.R., acting pro se, opposed the counsel fee application in multiple submissions to the court.

On March 17, 2017, the Family Part heard oral argument, and on the same date granted respondent's motion and awarded him a total of $50,049.90 in attorney's fees and costs.[1] The judge observed that the matter was highly contentious, complex, and spanned several years. She noted she was intimately familiar with

---

[1] After reviewing the parties' submissions, the judge reduced respondent's counsel fees request by $1,200. Of the total sum, R.T.R. had already paid $23,747.86, leaving a balance of $26,302.04

A-3451-16T4

the case having "sat with [it] from beginning to end." The judge also found respondent's submissions persuasive, stating, "I've received [respondent's] certification of services, which carefully describe[s] the services performed on a day-to-day basis. I've read [R.T.R.'s] response where [he] dispute[s] some of the services raised. I'm making a finding that the certification satisfies the appropriate rules." The judge further ordered these fees be paid out of R.T.R.'s equitable distribution. This appeal ensued.

On appeal, appellant makes the following arguments : (1) the judge erred in awarding respondent counsel fees because under Rule 5:3-5(c), fee-shifting only applies to the parties to the action, and therefore either: (a) plaintiff was responsible for respondent's counsel fees, or (b) the Family Part erroneously exercised jurisdiction over the matter; (2) the judge erred in not holding a plenary hearing; (3) respondent failed to act as a GAL, but instead acted as a legal advisor; and (4) the judge erred in awarding respondent counsel fees because his fees were "neither reasonable nor necessary."

I. Whether the Family Part properly exercised jurisdiction over respondent's counsel fee application.

Appellant first argues that Rules 4:42-9 and 5:3-5 only permit a counsel fee award to be paid to a party in the action, and therefore, the judge erred in awarding respondent, a non-party,

counsel fees. Thus, appellant argues the court should have required plaintiff to pay respondent's counsel fees. Alternatively, appellant argues that the court should have required respondent to file a separate action seeking his counsel fees in the Law Division.

As a general rule, an attorney may not obtain a counsel fee award against his or her own client in a family action. Cohen v. Cohen, 146 N.J. Super. 330, 337 (App. Div. 1977)(quoting R. 4:42-9(a)(1)) ("Appellant [improperly] suggests [Rule 4:42-9(a)(1)] authorizes the court to fix the fee to be paid by any party to his [or her] own attorney. Not so. The rule is concerned with allowances to other parties — not one's own counsel.").

Rule 4:42-9(7), however, does allow for an award of fees "[a]s expressly provided by these rules with respect to any action." Rule 4:26-2(b)(4) provides the "[t]he court may appoint a guardian ad litem for a minor or alleged mentally incapacitated person on its own motion." Pursuant to the rule, the trial court clearly had the authority to appoint a GAL for appellant based on his representation to the court that his brain injury prevented him from focusing or effectively prosecuting his divorce action. Rule 4:26-2(c) expressly permits an appointed GAL to apply for an allowance of fees on notice to all parties. Rule 4:86-4(e) provides that "[t]he compensation of the . . . guardian ad litem,

if any, may be fixed by the court to be paid out of the estate of the alleged incapacitated person or in such other manner as the court shall direct." Generally, a GAL's fees are paid by the alleged incapacitated party. See Julius v. Julius, 320 N.J. Super. 297 (App. Div. 1999).

Because the trial court's fee award was expressly authorized by Rule 4:26-2(b)(4), Rule 4:26-2(c), and Rule 4:86-4(e), the trial court did not err in awarding the GAL counsel fees.

II. Whether the judge abused her discretion by not holding a plenary hearing and in concluding the fees sought were reasonable.

Appellant next contends the judge violated his due process rights by denying his request for a plenary hearing and the opportunity to cross-examine respondent. Specifically, appellant asserts respondent's counsel fee application was "unreasonable and unnecessary . . . [and] manifestly foundationless, meritless, unethical, illegal and/or fraudulent."

"Our Supreme Court has 'strongly discourage[d] the use of an attorney-fee application as an invitation to become mired in a second round of litigation." Triffin v. Automatic Data Processing, 411 N.J. Super. 292, 308 (App. Div. 2010) (quoting Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 24 (2004)). Therefore, "[a] plenary hearing should be conducted only when the certifications of counsel raise material factual disputes that can be resolved

solely by the taking of testimony." Furst, 182 N.J. 1 , 24. "Such hearings 'will be a rare, not a routine, occurrence.'" Ibid.; see also Jacobitti v. Jacobitti, 263 N.J. Super. 608, 619 (App. Div. 1993) (finding no need for an "extensive and time-wasting hearing" on counsel fees in a matrimonial action). "As such, the trial courts have 'wide latitude in resolving attorney-fee applications,' and appellate courts will not disturb the decision to deny a plenary hearing unless there is a 'clear abuse of discretion.'" Id. at 619 (quoting Furst, 182 N.J. at 25). Rule 4:42-9(b) "implicitly suggests that an affidavit is sufficient to determine the amount of attorney's fees." Triffin, 411 N.J. Super. at 309.

In this case, respondent submitted a certification in support of his counsel fee application that conformed with the requirements of Rule 4:42-9(b) and R.P.C. 1.5(a). The judge found respondent's submission persuasive. She found that appellant protracted the litigation by insisting on taking unreasonable positions with regard to settlement. The judge noted that appellant had expressed satisfaction with respondent's services. In addition, the judge considered all of appellant's opposing papers, which raised virtually the same objections that are presented on this appeal. The judge rejected appellant's assertion that the fee certification contained inaccurate or fraudulent

misrepresentations. Having presided over the case from its inception, the trial judge was in the best position to evaluate the reasonableness of the attorney's fees sought by respondent. This was not the rare case where testimony was necessary to resolve material issues of fact. We therefore find no abuse of discretion in the court's awarding respondent counsel fees without a plenary hearing. For the same reasons, the judge did not abuse her discretion in finding that the fees sought were reasonable in light of the length and complexity of the case.[2]

The remaining issues raised by appellant concerning the role of the GAL and the alleged bias of the trial judge do not have sufficient merit to warrant discussion in a written opinion. Rule 2:11-3(e)(1) (E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2] In his brief, appellant takes issue with the judge's order appointing him a GAL because "there was absolutely no evidence that [d]efendant was 'mentally incapacitated' . . . ." Appellant's notice of appeal and case information statement, however, cite only the March 17, 2017 order awarding attorney's fees and did not mention or attach the judge's July 22, 2014 order appointing respondent as GAL. Because the record lacks documentation of transcripts or findings regarding defendant's alleged incapacitation, that issue is not properly before us and we will not address the court's decision appointing a GAL for appellant. See Rule 2:5-1(f)(2)(c); Rule 2:5-3.